King et al. *v.* King.

RICHARD T. KING et al., by their Guardian, Complainants, Plaintiffs in Error, *v.* RACHEL KING, Defendant in Error.

ERROR TO MORGAN.

Even if a court of chancery had jurisdiction to sanction a compromise on behalf of infants who are suitors before it, so as to satisfy the claims of the widow for dower, by cash, yet such a power should always be exercised with great care and circumspection, and only where it is clearly and manifestly for the interest of the infants to do so. The court will not sanction an agree-

King et al. *v.* King.

ment made by a guardian in such case, unless it is satisfied that the interests of the infants would be promoted thereby.

THIS cause was heard before WOODSON, Judge, at March term, 1853, of the Morgan Circuit Court. The case will be found stated in the opinion of the court.

WILLIAM THOMAS, for plaintiffs in error.

D. A. SMITH, for defendant in error.

CATON, J. This was a bill in chancery filed by a part of the heirs of William King, deceased, who were infants, and appeared by their guardian, against the remainder of the heirs, praying for a partition of the lands which they had inherited from their ancestor, or that they be sold, and the proceeds distributed, if it should appear that they could not be advantageously divided. It turned out that they could not be divided without injury to the estate. An amended bill was then filed, making Rachel King, widow of William King, a party, and showing that her dower had been assigned to her in the premises, and that the whole estate, including the portion assigned to the widow for her dower, could be more advantageously sold together, than it could be with the portion assigned to the widow, detached, and praying that the whole might be sold together, and the proceeds disposed of according to the respective rights of the parties.

The widow answered, consenting to the sale of the portion assigned to her, with the rest, provided she should be paid out of the proceeds of the sale, the value of her dower in the premises to be computed on the principle of life annuities, estimating interest at six per cent., according to Dr. Wigglesworth's Tables of Mortality; and showing that she was forty-seven years of age.

The guardian of the complainants acceded to this proposition, and a reference was made to the master, who reported in favor of it, and that according to those tables, the life-estate of the widow was sixty-four dollars and ninety-six cents out of every hundred dollars of the proceeds of the land which had been set apart for the widow's dower. Upon this principle, a decree was entered by the circuit court.

The guardian not being satisfied with the result, has brought the case here for our consideration.

We will not say that the court of chancery may not have jurisdiction to enter into, or to sanction a compromise on be-

half of infants who are suitors before it, so as to satisfy the claim of the widow for dower, by cash, but such a power should always be exercised with great care and circumspection, and only where it is clearly and manifestly to the interests of the infants to do so. This we are not satisfied was the case here, and we cannot approve of the decree for the division of the proceeds of the sale of the lands, in which the widow had a life-estate. By the decree the heirs get but about thirty-five per cent. of the proceeds of the sale of the estate thus situated. We shall not stop now to inquire whether the tables relied upon afford the best and most just means of computing the present value of a life-estate in lands. In this instance, and under the circumstances of this case, we do not think that it is manifestly for the interests of the infants that their title in remainder, should be parted with for thirty-five per cent. of the present value of the estate. The question cannot be in the least embarrassed by the consent originally given by the guardian to the proposition made by the doweress. He could not bind the infants by any such agreement or consent. It is for the court to say, whether, the whole case being considered, they are satisfied the interests of the infants would be promoted by the sale of their title in remainder. Ordinarily the law presumes that it is for the interest of the heir that he retain the title in remainder, till the life-estate terminates. Here there is no intimation that the proceeds are needed for the maintenance or education of the infants, nor is it shown how those proceeds can be more advantageously invested. We are of opinion that it would be more to the interests of the infants to retain their title to the estate, than to part with it on the terms prescribed in the decree. The decree must be reversed, and the suit remanded.

*Decree reversed.*