# LOUIS HARTMANN *et al.*

## *v.*

## HUBERT HARTMANN.

1. PARTITION—*of the lands of infants—a court of chancery the guardian of infants.* The right of partition of lands among several owners, and the consequent sale, if not susceptible of division, is not absolute in all cases.

2. So upon bill filed for partition, by a guardian, in the names of his wards, who were the owners of the fee, their father, who was made defendant, being tenant by the curtesy and consenting to the relief sought, it appeared the land was worth $80 per acre, was underlaid with coal, and from its favorable location, likely to increase in value, and worth $3 per acre rent. The land not being susceptible of division, would have to be sold, and no reason was shown why a partition should be had: *Held,* though the land was then less productive than the proceeds of a sale in money, yet it was a safer investment for the infant owners than money loaned, and, under the circumstances, their interests would be best subserved by refusing to permit a sale, which a court of chancery, in the exercise of its general supervision over the rights and interests of infants, ought to do.

3. SAME—*in view of the rule of distribution, under the life tables.* Another objection to the relief sought, in this case, was, that in distributing the proceeds of a sale according to the tables of mortality, which would afford the rule of distribution, the tenant by the curtesy, who was forty-one years of age, would take 67 52-100 per cent of the proceeds, and to the children 32 48-100 per cent. This would give the father too much as against the children.

4. LIFE-TABLES—*whether just in their application.* While life-tables may be resorted to, they can afford but a mere expectancy of the continuance of the particular life. They are, doubtless, correct in the aggregate, but can not be when applied to individual cases.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Mr. N. NILES for the appellant.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

Appellants filed their bill for partition. Appellee answered, and joined in the prayer for relief.

Appellants are minors, who sue by their guardian. They inherited the lands from their mother; and appellee is their father, and tenant by the curtesy.

The circuit court refused the relief prayed for.

From the report of the master, we find that the lands are valuable, are underlaid by coal, are worth three dollars per acre for cultivation, and that, though less productive, they constitute a safer investment than money loaned.

It is assumed that the right of partition of lands, and the consequent sale, if not susceptible of division, is absolute, and that it is arbitrary to refuse the prayer of the bill.

A general superintendence of infants is now exercised in courts of chancery, as a branch of general jurisdiction. Indeed, it is one of the peculiar duties of courts of equity to protect the rights of infants. From the earliest period, courts of chancery have been vested with a broad and comprehensive jurisdiction over the persons and property of infants. *Cowls* v. *Cowls*, 3 Gilm. 435; *Grattan* v. *Grattan*, 18 Ill. 167; *King* v. *King*, 15 Ill. 187.

The power and duty of the courts in this regard are clearly shown by Judge STORY, 2 Vol. Eq. Ju., Ch. 35. He says: " Whenever a suit is instituted in the court of chancery, relative to the person and property of the infant, although he is not under any general guardian appointed by the court, he is treated as a ward of the court, and as being under its especial cognizance and protection."

This proceeding has been instituted in behalf of the minors. No reason has been shown why partition should be granted.

We can not perceive that it would be for the interests of the minors to grant the division. A decree in their favor would necessarily result in a sale, for the proof shows that there could be no partition. The answer and affidavit of appellee, also disclose that his sole object is to obtain the money.

We are satisfied that the land is the safest investment. It can not be squandered, as too often happens with the money of infants. It is now worth $80 per acre,—lying in one of the richest and fairest portions of the State,—and will probably increase in value. It is permanent and can not be lost, either by dishonesty or carelessness. Valuable coal mines, too, underlie its surface, and their development will probably prove a source of large profit.

We can not consent that this property, now safe from the fluctuations of prices, the accidents of money-lending, and the faithlessness of guardians, shall, without any necessity, be changed into a fund which may take wing and fly away. It might prove a grievous wrong to these children, of which we have no ambition to be guilty.

There is another serious objection to the relief asked for. If granted, the proceeds of the sale must be distributed according to the tables of mortality. These would give to the tenant by the curtesy, who is forty-one years of age, 67 52-100 per cent of the proceeds, and to the children 32 48-100 per cent. Thus the owner of the life estate would receive more than the owner of the fee simple.

These tables have been acted upon in other States; but this court said, in *Bonner* v. *Peterson,* 44 Ill. 253, " It is true that life tables might be resorted to, but they can afford but a mere expectancy of the continuance of that particular life. They are doubtless correct, in the aggregate, but can not be when applied to individual cases. The chances would be immensely against the expectancy coinciding with the result, with an individual."

These tables would give the father too much as against the children. The injustice is apparent.

The affirmance of the decree of the court below will best subserve the rights of the infants, and can work no serious injustice to appellee. He has a vested legal estate, which he may use or lease. *Shortall* v. *Hinckley,* 31 Ill. 219.

It is ordered that appellee pay the costs of this appeal.

The decree of the court below is affirmed.

*Decree affirmed.*