MARY L. DRAKE

v.

AARON MERKLE et al.

Filed at Springfield October 30, 1894.

1. PARTITION—*reversioners holding subject to life estate, entitled to.* Reversioners and remainder-men owning interests in fee in land, subject to an unexpired life estate, are entitled to partition. *Scoville* v. *Hilliard,* 48 Ill. 453, followed. *Hartmann* v. *Hartmann,* 59 Ill. 103, and *Jackson* v. *Jackson,* 144 id. 274, distinguished and explained.

2. SAME—*the right to is imperative.* The right to a partition in a case within the law is imperative, and a court of equity has no discretion to refuse the decree. *Hill* v. *Reno,* 112 Ill. 154, followed.

3. SAME—*need not affect the life tenant.* Partition among reversioners need not necessarily affect the estate of the life tenant, as the reversion, if not divisible, may be sold without the life estate and the proceeds divided, or, if the life tenant consents, all may be sold.

WRIT OF ERROR to the Circuit Court of Moultrie county; the Hon. EDWARD P. VAIL, Judge, presiding.

Mr. ROBERT M. PEADRO, for the plaintiff in error.

Messrs. JOHN R. & WALTER EDEN, for the defendants in error.

Mr. JUSTICE BAILEY delivered the opinion of the court:

This was a bill in chancery, brought by Mary L. Drake, against Aaron Merkle and others, for partition. On January 5, 1856, Joseph Hendricks, the complainant's grandfather, died intestate, being seized in fee, at the time of his death, of a tract of land in Moultrie county, containing one hundred acres. Hendricks left surviving him his widow, who died in 1879, and his two daughters, Mary E. Wright and Hannah J. Merkle, the latter being the wife of defendant Aaron Merkle, she having been married to him in the year 1855. As the fruit of their marriage two children were born—Joseph C. Merkle and Mary L. Merkle, (now Mary L. Drake, the complainant).

On the 19th day of January, 1858, Mary E. Wright sold and conveyed her undivided one-half interest in the land to Daniel Brown, and on January 26, 1858, Brown and Mrs. Merkle made partition of the land in the following manner, viz.: Mrs. Merkle conveyed to Brown her interest in the south thirty acres, and Brown conveyed to Aaron Merkle his interest in the north seventy acres. Mrs. Merkle died intestate February 25, 1868, leaving her surviving her husband and her two children.

It is claimed by the bill that Aaron Merkle procured the conveyance of Brown's undivided half of the north seventy acres to himself without his wife's knowledge or consent, and that down to the time of her death he concealed from her the fact that the conveyance had been made to him. It is claimed, therefore, that he took the title in trust for his wife and her heirs-at-law. Merkle, on the other hand, by his answer, alleges that the conveyance by Brown was made to him in accordance with the agreement in that behalf between Brown, Mrs. Merkle and himself, and that, as a part consideration for the conveyance, he paid Brown a large sum of money as the difference in value between Brown's interest in the seventy acres and Mrs. Merkle's interest in the thirty acres.

Joseph C. Merkle, the complainant's brother, died intestate January 15, 1882, leaving him surviving, as his heirs-at-law, his father, the complainant, (his sister of the full blood,) and three brothers and one sister of the half blood, all four of whom were then and still are minors. The bill claims that Joseph C. Merkle, at the time of his death, was the owner of an undivided one-half interest in the seventy acres, and that the complainant was at the same time the owner of the other undivided one-half interest, both interests being subject to the life estate of Aaron Merkle as tenant by the curtesy, and that upon the death of Joseph C. Merkle the several parties became, and now are, entitled to interest in the property in the following proportions, viz.: The complainant eight-four-

teenths, Aaron Merkle two-fourteenths, and the four minor children of Aaron Merkle each one-fourteenth, all of these interests being subject to Aaron Merkle's tenancy by the curtesy.

The bill prays for a decree declaring that Aaron Merkle took and now holds the title conveyed to him by Brown, in trust for his wife and her heirs, and ascertaining and declaring the interests of the several parties in the land as above stated, and for a partition thereof among them according to their respective rights and interests.

The master, on reference to him to take proofs and report the same with his findings, reported that Aaron Merkle was vested with an estate for life in the premises as tenant by the curtesy, and, therefore, that the complainant was not entitled to partition during his lifetime. Also, that it was not satisfactorily shown that it was agreed and intended that the premises were to be conveyed by Brown to Mrs. Merkle instead of her husband, and also that the Statute of Limitations was a bar to the relief sought concerning that conveyance. The master therefore concluded and recommended that the bill be dismissed at the costs of the complainant. Exceptions to his report were overruled, and a decree was thereupon entered dismissing the bill at the complainant's costs, without prejudice to a suit for partition after the termination of the life estate. To reverse this decree the complainant now brings the record to this court by writ of error.

Two questions only are presented by the record: (1) Whether Aaron Merkle holds the title conveyed to him by Brown in trust for the heirs of Mrs. Merkle; and (2) whether the complainant, as tenant in common of an undivided interest in the reversion, after the life estate of her father, can maintain a suit for partition against the other tenants in common of the reversion before the expiration of the life estate.

The first of these questions is principally one of fact, as to which the evidence is somewhat conflicting, and its decision is important only as determining the relative interests of the complainant and the other parties to the suit in the land in controversy. The undisputed facts show that, whichever way that question is decided, the parties to the suit are all tenants in common of the reversion, and that the complainant is entitled to maintain her bill for partition, if such bill can be maintained during the pendency of the life estate. It is admitted that Mrs. Merkle, at the time of her death, was vested with both the legal and equitable ownership of an undivided one-half of the seventy-acre tract, subject to her husband's estate by the curtesy, and that such interest passed by descent to her two children, and also that on the death of Joseph C. Merkle his interest passed by descent to his father, brothers and sisters. Whether, then, Aaron Merkle holds the other undivided half interest in his own right or as trustee for the heirs of his wife, only goes to the question of the extent of the interests of the several parties entitled to the land, and not to the question of the right of the complainant to maintain her bill for partition. As the court below determined the second of the questions above mentioned adversely to the complainant, thus holding that a tenant in common of the reversion cannot maintain a bill for a partition until after the termination of the precedent particular estate, the question whether Aaron Merkle took the conveyance from Brown in trust could not have been decided by that court, and, as we view the case, it need not therefore be decided by us.

The question whether a remainder-man or reversioner in fee of an undivided interest in land may maintain a suit for partition against the owner of the remaining undivided interests in remainder or reversion, the whole premises being subject to an unexpired life estate, was carefully considered by this court in *Scoville* v. *Hilliard,* 48 Ill. 453, and it was there held that under our statute

such suit for partition may be maintained. We are referred to no subsequent decision, and we know of none, in which the conclusion reached in that case has been overruled or questioned.

The case of *Hartmann* v. *Hartmann*, 59 Ill. 103, does not seem to be in any degree in conflict with it. There certain minors, who, as heirs of their mother, were tenants in common of the fee in certain land, subject to the life estate of their father as tenant by the curtesy, brought a bill for partition, by their guardian, making their father a party defendant. The circuit court refused the relief prayed for, and its decree was sustained by this court, not on the ground, however, that no partition could properly be awarded during the pendency of the life estate, but solely because it did not appear to be for the best interests of the minor proprietors to have the property partitioned, particularly as it appeared that a decree in their favor would necessarily result in a sale of the property and its conversion into cash, and thus subject it to hazards of loss to which, in its form as real estate, it would not be subject. The owners of the fee being all infants, the refusal of the court to entertain the bill for partition was sustained, as a proper exercise of that superintendence over the estates of infants which constitutes a branch of the general jurisdiction of courts of chancery. The question presented in the case now before us was not involved or decided.

The case of *Jackson* v. *Jackson*, 144 Ill. 274, was a bill brought to review a decree in partition. The bill upon which that decree was rendered was brought by certain tenants in common of lands against the other tenants in common, it being claimed that the entire estate was subject to the life estate of the father of the tenants in common, as tenant by the curtesy. The court, upon the hearing of that bill, found that such life estate existed as to both tracts of land in controversy, and decreed that the several tenants in common of the fee held their estates

subject to such tenancy by the curtesy. A partition was ordered and commissioners were appointed, who reported that the premises could not be divided without prejudice to the proprietors thereof, and also submitting their appraisement of the value of the two tracts of land. Nothing further seems to have been done in execution of the decree, and subsequently the cause was dismissed out of court. The only question raised by the bill of review seems to have related to the correctness of the original decree in sustaining the tenancy by the curtesy, and this court held that, upon the facts appearing, such tenancy existed as to one tract but not as to the other, and the original decree was sustained as to one tract and reversed as to the other. The right of the tenants in common of the reversion to a partition, as among themselves, during the pendency of the life estate, was not called in question.

In *Hill* v. *Reno*, 112 Ill. 154, it was held that, where a case is fairly brought within the law authorizing a partition, the right to partition is imperative, and absolutely binding upon courts of equity, and that they are not clothed with such discretion that, under a given state of facts, they may grant relief or refuse it and yet commit no error ; that to invoke this equitable remedy is a matter of right, and not of mere grace. There a tenant for years of land, where the reversion in fee was in several tenants in common, purchased in the undivided interest of one of the reversioners and filed his bill against the others for a partition, and it was held that he was entitled to partition as a matter of right, although such partition would necessarily result in a sale of the premises.

In view of these authorities we are of the opinion that the court below erred in holding that the complainant, as a tenant in common of the reversion, is not entitled to partition, and will not be, until after the termination of the life estate of her father. We think she is clearly entitled, as against the other tenants in common of the reversion, to have such reversion partitioned in accordance

with the rights of the several parties entitled thereto. Such partition need not necessarily affect the estate of the life tenant, or his estate of homestead, if he has one. If the land cannot be divided, as seems probable, without prejudice to the proprietors thereof, the reversion may be sold and the proceeds may be divided. If the complainant's father consents thereto in the manner provided by the statute, his life estate and his estate of homestead may be sold, and its equivalent in cash paid him, but if he does not so consent, the sale will have to be made subject to his life estate, his estate of homestead, if it be found that he has such estate, being first set off to him as provided by statute.

The decree will be reversed, and the cause will be remanded to the circuit court for further proceedings not inconsistent with this opinion, the parties to be entitled to a hearing *de novo* upon the question as to whether Aaron Merkle took the title conveyed to him by Brown in trust for his wife or in his own right.

*Reversed and remanded.*