Common Pleas Court of Cuyahoga County.

KATE E. MACEY v. CATHERINE GREENHALGH ET AL.

Decided, January 7, 1913.

*Partition—Order for, Questioned by Infant Reversioner After Coming of Full Age—Respective Rights of Life Tenant and Remaindermen Who Are Minors—Section 11603.*

1. An infant may, within twelve months after coming of full age, question the validity of an order for the partition of lands in which she is a reversioner, where during infancy she had answered through a guardian *ad litem* denying the plaintiff's right of action.

2. Where land sought to be partitioned is held in part by the plaintiff in fee and in part as a life estate with infants as remaindermen, and a single improvement covers both parcels, a case of equitable partition is presented.

3. In such a case the ordering of a partition and consequent sale of the property is within the discretion of the court; and where the plaintiff is in possession of the entire property and is receiving the rents and profits therefrom, and its sale by the sheriff would be to her advantage and to the disadvantage of the children, a demurrer to the petition of one of the minors who has become of age, asking for an order vacating the previous order for a partition, will be overruled.

*Joseph L. Stern,* for plaintiff.
*Allison M. Gibbons,* for defendants.
*F. F. Klingman,* for United Banking & Savings Co.

BABCOCK, J.

George H. Macey and Kate E. Macey, husband and wife, held sub-lots 48 and 49 in fee as tenants in common, and George H. Macey held sub-lot 50 in fee, the same being contiguous to the first named lots. The entire frontage constituted a block or tract of land with 127 feet on West Madison avenue in the city

of Cleveland. Mr. and Mrs. Macey built a terrace covering the entire property, without reference to lot lines, and George H. Macey died testate, leaving the entire property mortgaged to the United Banking & Savings Company for $5,000, in which mortgage both husband and wife joined, and upon which there remains $3,000 unpaid. George H. Macey devised his estate in these properties to his wife for life, with a remainder to his grandchildren. He provided that after the death of his wife, Kate E. Macey, all of his real estate shall pass to and vest in his grandchildren, being four minor defendants in this action, and such other children of his sole surviving son, William P. Macey, as may be living at the time of the death of his said wife, Kate E. Macey. The will further provided that it is the intention of the deceased that each of the grandchildren of said George H. Macey, deceased, living at the time of the death of the plaintiff herein, Kate E. Macey, shall be equal owners of his real estate in fee simple.

George H. Macey died, and Kate E. Macey filed her petition for partition of the entire premises, in November, 1910.

The minor children are impleaded, and by a guardian *ad litem* they answer denying generally the allegations of the petition.

On trial the court found for the plaintiff, ordering partition and the foreclosure of the mortgage of said the United Banking & Savings Company. The commissioners made a report that partition by metes and bounds could not be made, and appraised the premises in two parcels, lots 48 and 49 as one parcel, and lot 50 as the second parcel.

The court ordered a sale, on application of the plaintiff only, as the mortgagee does not press for a sale of the property. The appraisal of both parcels was $15,565. The property was offered at public sale, and was purchased by the plaintiff at substantially two-thirds of the appraised value, or about $10,400. It is now before the court on the motion to confirm. In the meantime one of the grandchildren, Cleopha Macey, has become of legal age, and has, within a year thereafter, filed in this ac-

tion a petition to vacate the judgment ordering partition, charging that there was error in the judgment in this, that the plaintiff is not·a co-tenant or a co-parcener with defendants in a part of the premises, sub-lot 50, in which she is only an owner of a life estate, and that the petition does not set forth facts sufficient to constitute a cause of action, for that she is not entitled to partition, being in possession of the entire premises.

To her petition plaintiff demurs, and the questions to be decided are involved in this demurrer and the motion to confirm the sale. Among the questions involved are the following:

*First.* May Cleopha Macey question the validity of the order in partition, she having, in her infancy, answered by guardian *ad litem* denying the plaintiff's right of action?

Section 11631, paragraph 8, provides:

"The common pleas court * * * may vacate or modify its own judgment after the term at which it was made, for errors in a judgment shown by an infant within twelve months after arriving at full age, as prescribed in Section 11603."

This last section only abrogates the rule requiring that the right should be reserved in the entry of the judgment. 45 O. S., 93.

I think there can be no question but what this defendant, having recently become of age, may question the validity of the entire proceedings up to this time.

It was held in *Long* v. *Mulford,* 17 O. S., 484, in a suit by a bill in equity against an infant for the specific performance of an alleged contract with his ancestor, that he is entitled to a day in court after coming of age, to show cause against the decree, and that it may be impeached for error by an original bill; and what would have been a good cause of action to sustain an original bill is a good cause of action under the code.

*Second.* In the case of *Elrod* v. *Bass,* 1 C. C., 38, plaintiff claimed to be the owner of a life estate in two tracts of land, and the owner of an undivided interest in remainder in each. The court found such to be the situation, but that in one of the

tracts two of the owners of the remainder subject to the life estate had received certain advancements to the amount of $1,300; and the will of the ancestor provided that at the death of his wife the land was to be so divided that each of the other children should receive $1,300 in value of said land before the two who had received an advancement should receive anything; and then if any of the land remained, it was to be equally divided among all of his heirs; and in the other tract, that the heirs who had estates in remainder should be such as were living at the death of the life tenant whose estate had been assigned to the plaintiff.

In the common pleas court partition was ordered, but, on appeal, the circuit court entered the following judgment:

"This day this cause came to be heard upon the pleadings, the evidence, and arguments of counsel; and the court, being fully advised in the premises, finds that plaintiff has no present right to a partition of the land described in his petition, and the same is dismissed without prejudice to the beginning of such an action at the death of Cynthia Elrod.

"It is therefore ordered and adjudged by the court that said cause be, and the same is, dismissed at the costs of the plaintiff, George W. Elrod."

In the opinion of Smith, J., it is held that:

"If there be an outstanding life estate on the whole of a particular tract of land held by a person who is not an owner of any reversionary interest or estate in remainder in said premises, an action for the partition thereof can not be maintained by any owner of any interest in a reversion or remainder therein."

And *Tabler* v. *Wiseman*, 2 O. S., 207, is cited as authority for the proposition.

"But if one of the remaindermen or a reversioner is also the owner of a life estate in the whole premises, he may maintain such an action; and if his interest therein can be set off to him without injury to the value of the residue of the estate, it may be done. This may be necessary to enable such owner of the life estate and an interest in remainder properly to enjoy and im-

prove his share of the estate; and there ought not to be a partition of the residue among them, for the reason that if it should be done, they could acquire thereby no present right to the possession of their shares so set off; and the value of such shares, on account of depreciation of the building or improvements therein, or for other reasons, may greatly change before the termination of the outstanding life estate. Nor ought there to be a sale of the premises subject to such life estate if it can not be so divided without consent, for in such case the owner of the life estate manifestly would have a great advantage over the other parties in interest or persons proposing to be purchasers thereof. If an owner of a life estate agrees to the sale of the premises free from his estate therein, and consents to take the value thereof in money, to be fixed and ascertained by the court, we are of opinion that such sale may be had if it appears to the court that it will not be to the prejudice of the other parties in interest. The petitioner here, however, is not entitled to a partition of the first described tract, for the reason that Cynthia Elrod, whose heirs are to take the estate at her death, is still living, and therefore it is uncertain, and can not possibly be now ascertained, who will be the heirs of said Cynthia Elrod, or what the shares of each of her heirs will be. Nor is he now entitled to a partition of the said second tract against the objection of any one of the remaindermen, for the reason that by the will of the testator the division thereof among his heirs and the settlement of the advancements made to two of his heirs was to be made and determined after the death of the said Cynthia Elrod, and the application now made for the partition thereof is premature.''

Ruled by this case, I should be of opinion that the plaintiff is not entitled, at the present time, to a sale, for the reason that the will of George H. Macey, deceased, provides for his real estate passing and vesting in his grandchildren, being then four minors, and such other children of his sole surviving son, William P. Macey, as may be living at the time of the death of his said wife, Kate E. Macey, were it not for the fact that the question has already been adjudicated, and, as I am informed, has been decided otherwise by another branch of this court. If such be the case, the proper practice would be to sustain the original petition, and the decree in partition thereunder, leaving it for the circuit court to review; but being uncertain whether this

phase of the case ever passed under the scruntiny of this court when the decree was entered in Room 1, I shall refer it to the judge who entered the decree, to determine this last question, and will enter such a judgment as he authorizes.

Being informed by the judge who entered the decree that the question of law presented to him involved the right of one having the entire possession of the premises to a partition where his holding is in part as life tenant and the remaining part in fee, and that no other question was considered or determined by him, I find the questions now presented not to have been passed upon.

Sale in partition did not exist at common law; but since the reign of Elizabeth, courts of equity have exercised jurisdiction in partition when equitable rights were involved, and a sale of the property where partition was not practicable was ordered in the court's discretion; and it is sometimes refused because found to be inequitable.

In *Shilleto* v. *Pullan et al*, 2 Disney, 588, Hoadly, J., says on page 591:

"In a partition in equity, whatever may be true of the statutory remedy, sale will be refused unless it is shown to be absolutely essential to the enjoyment of the petitioner's right. For, except in such contingency, one owner's dissent is equal to the other's assent. One has as much right to ask a refusal as the other the order of sale."

In actions at law, sale is governed by statute; and is generally allowed when partition is found to be impracticable. In most jurisdictions the sale is a matter of right if partition can not reasonably be made, but in some jurisdictions it rests, even in that event, in the court's discretion. When the rights of infants are involved, in those jurisdictions in which sale is held to be a matter of right, the courts, as guardians of the interests of minors, may refuse sales to infant plaintiffs, but will not refuse sales to adult petitioners who are otherwise entitled to it, on the ground that it is against the interest of infant defendants who are in court objecting to it. There are some jurisdictions, however, where partitions being found impracticable, sale is left to

the discretion of the court, and is not made a matter of right. In this state the statute says the court may order a sale of the property. This was construed in the *Elrod* v. *Bass* case to vest the court with a discretion as to ordering sale, and the court, consequently, in that case refused it.

This is a suit for equitable partition. There is a certain part, to-wit, one-third of the property, which is held by the plaintiff in fee, and is involved with the other part of the property sought to be aparted, only because the building upon the property held by tenants in common reaches over and upon plaintiff's real estate in which the defendants have no interest. The inability to sever the property by reason of the improvements brings into the case equitable considerations, and justifies the statement that it is a case for equitable partition.

The matter of ordering a sale rests in the discretion of the court. It is difficult to offer any reason for a sale of this property, except to advantage the plaintiff by forcing the interests of the children to a sacrifice by sheriff's sale, with the consequent gain to plaintiff by buying it in at a depressed valuation. It is not probable the plaintiff would urge partition of the property if the children were not alien to her blood. It is sometimes desirable for a tenant in common to have partition in order to improve his estate, but this property being improved to the extent that it is entirely covered by a terrace, withdraws it from such considerations. The interests of the children will be jeopardized by a sale.

The reasons given for refusing sale in the case of *Hartmann* v. *Hartmann,* 59 Ill., 103, obtain here. The court say, page 104:

"It is assumed that the right of partition of lands, and the consequent sale, if not susceptible of division, is absolute, and that it is arbitrary to refuse the prayer of the bill.

"A general superintendence of infants is now exercised in courts of chancery, as a branch of general jurisdiction. Indeed, it is one of the peculiar duties of courts of equity to protect the rights of infants. From the earliest period courts of chancery have been vested with a broad and comprehensive jurisdiction over the persons and property of infants. The power and duty

of the courts in this regard are clearly shown by Judge Story, 2 Vol. Eq. Ju., Ch. 35. He says: 'Whenever a suit is instituted in a court of chancery, relative to the person and property of the infant, although he is not under any general guardian appointed by the court, he is treated as a ward of the court, and as being under its especial cognizance and protection.' * * *

"We are satisfied that the land is the safest investment. It can not be squandered, as too often happens with the money of infants. * * *

"We can not consent that this property, now safe from the fluctuations of prices, the accidents of money-lending, and the faithlessness of guardians, shall, without any necessity, be changed into a fund which may take wing and fly away. It might prove a grievous wrong to these children, of which we have no ambition to be guilty."

The plaintiff is in possession of the entire property and is receiving the rents and profits of the same. There is nothing pressing that need urge her to a sale of the property. There is nothing requiring a sale of it, and every equitable consideration opposing it, if the interests of the children are to be conserved.

I am, therefore, of the opinion that the demurrer to the supplemental petition of Cleopha Macey should be overruled.