(No. 11952.—Decree affirmed.)
EDWARD A. MECHLING, Plaintiff in Error, *vs.* HENRY F. MEYERS *et al.* Defendants in Error.

*Opinion filed October 21, 1918.*

1. MINORS—*courts of equity are charged with duty of protecting interests and property of minors.* Whenever the personal or property rights of an infant are involved in a proceeding in equity the court must appoint a guardian *ad litem,* but the duty of the court does not end with such appointment, as the minor is in legal contemplation the ward of the court and the latter is charged with the duty of protecting the interests and property of the minor.

2. PARTITION—*the primary object of partition.* The primary object of partition is to enable those who own property in common to sever their interests, so that each one may take possession of and enjoy and improve his separate estate at his own pleasure and convenience.

3. SAME—*when court should decline to decree partition because injurious to minor defendant.* The right of a tenant in common of a remainder which is subject to an unexpired life estate to compel partition even though there is a minor co-tenant is limited, under section 1 of the Partition act, to cases where actual partition of the property can be made, and if partition cannot be made and a sale of the property will result injuriously to the interests of the minor the court should decline to decree partition.

4. SAME—*extent to which section 1 of Partition act gives an imperative right to partition.* Section 1 of the Partition act must be construed as giving an imperative right to partition only in cases where actual partition can be made and not as requiring a sale of a remainder subject to an unexpired life estate where the result will be disastrous to the owners.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

FRANK O. CAMPE, and° MAX C. LISS, for plaintiff in error.

JOHN S. HUMMER, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Chloe L. Meyers owned a lot in Chicago upon which there was a two-story brick dwelling house. She died on April 25, 1913, and by her will devised a life estate in the lot to her husband, Henry F. Meyers, with remainder in fee to her children, Charles W. Bassett, Ernest L. Bassett and Jessie M. Madison, and her grandson, Francis Roy Bassett. On September 16, 1914, Ernest L. Bassett conveyed by warranty deed all his interest in the premises to Edward A. Mechling, who filed his bill in the superior court of Cook county for partition, making the life tenant, the remainder-men and Lewis H. Berkes, the tenant of the life tenant, defendants. Henry F. Meyers, the life tenant, answered, denying that the complainant was entitled to the relief prayed for in the bill, and his tenant, Lewis H. Berkes, by his answer set up his rights as a tenant in possession. Charles W. Bassett and Jessie M. Madison by their answers denied the right of complainant to the partition, and alleged that by reason of the uncertain character of the estate in the remainder-men any partition would be of no advantage to them. Francis Roy Bassett was an infant, and his guardian *ad litem* answered that he was a minor under the age of ten years; that the lot was not susceptible of actual partition; that the life tenant refused to have his interest sold, and a sale of the interest of the remainder-men would result in a mere speculation, because the value could not reasonably be determined. Replications having been filed the

issues were referred to a master in chancery, who took the evidence and reported, as matters of fact, that the interests of the parties were as above stated; that the life tenant refused to consent to a sale of his interest; that a sale subject to the life estate would be injurious to the interests of the infant defendant, and that the complainant admitted that fact. He recommended a decree for partition, and the chancellor heard the cause on exceptions to the report, sustained the exceptions and dismissed the bill for want of equity. The Appellate Court for the First District affirmed the decree, and a petition for *certiorari* presented to this court was dismissed on the ground that a freehold was involved and the Appellate Court was without jurisdiction. Thereafter a writ of error to the superior court was sued out of this court by the complainant, Edward A. Mechling, and errors were assigned on sustaining the exceptions by the chancellor and the failure to find that the complainant had an absolute right to partition, regardless of whether the partition would be for the best interests of the infant defendant.

The arguments on both sides are devoted to the question whether by virtue of the statute one of the tenants in common of a remainder after a life estate has an absolute right to partition regardless of the interest of an infant defendant and where the result will be a sacrifice of the interest of such infant. The decision will therefore be limited to that question, except so far as what may be said may apply to remainder-men, generally, under like conditions.

The evidence before the master was that the market value of the property clear of the life estate was $2250; that the remainder after the life estate had no market value and was unsalable, and that on account of the uncertainty whether a purchaser would obtain possession in his lifetime no one would purchase it except at a nominal sum, as a speculation. It was admitted by the complainant before the master and stated by him, and is now admitted, that the

premises cannot be partitioned; that it will be necessary to sell them subject to the life estate, and that a sale will not be for the interest of the infant.

The object of partition is to enable those who own property in common to sever their interests so that each one may take possession of, enjoy and improve his separate estate at his own pleasure and convenience; and that is the principle upon which a right to partition is founded. Accordingly, unless the right has been extended by statute, a tenant in common can only maintain a suit for partition if he has an estate in possession, and remainder-men cannot have partition of their future interests. (*Wilkinson* v. *Stewart,* 74 Ala. 198; *Culver* v. *Culver,* 2 Root, (Conn.) 278; *Nichols* v. *Nichols,* 28 Vt. 228; *Henderson* v. *Henderson,* 136 Iowa, 564; *Brown* v. *Brown,* 67 W. Va. 251; 21 Ann. Cas. 263.) That rule has been changed by statute in this State to the extent of actual partition of real estate. Section 1 of chapter 106 of the Revised Statutes of 1874 provides, that when lands, tenements or hereditaments are held in joint tenancy, tenancy in common or co-parcenary, whether such right or title is derived by purchase, devise or descent, or whether any or all of the claimants are minors or of full age, any one or more of the persons interested therein may compel a partition thereof by bill in chancery as heretofore, or by petition in the circuit court of the proper county, or if the proceeding is in the county of Cook, in the circuit court or superior court of said county. That section is not inconsistent with the general rule and does not purport to extend the right to partition beyond it. Section 5, however, requires the petition to set forth the interests of all the parties, including tenants for years or for life, by curtesy or dower, and of all persons entitled to the reversion, remainder or inheritance; and section 32 provides that in case of sale the court may, with the assent of the person entitled to the estate in dower, or by curtesy, or for life or for years, or of homestead, sell such estate

with the rest. In view of the similar provision in chapter 79 of the Revised Statutes of 1845 it was decided in *Scoville* v. *Hilliard,* 48 Ill. 453, that a remainder-man could maintain a suit for partition against the other owners of the undivided interests in remainder where the whole premises were subject to a life estate unexpired, and that decision has been followed in *Drake* v. *Merkle,* 153 Ill. 318, *Ruddell* v. *Wren,* 208 id. 508, *Miller* v. *Lanning,* 211 id. 620, *Dee* v. *Dee,* 212 id. 338, and *Deadman* v. *Yantis,* 230 id. 243. The statute, however, does not have full effect in all cases, and although it declares, in terms, that one or more of the persons interested in real estate may compel partition, whether any or all of the claimants are minors or of full age, it has been held that the statute is subject to the necessary limitation that where an infant asks for a partition of premises the court will deny such partition if it would be detrimental to the interest of the defendant.

Courts of equity have always been vested with a broad and comprehensive jurisdiction over the property of infants and are charged with the protection of their interests and property. Wherever the personal or property rights of an infant are involved in a legal proceeding the court must appoint a guardian *ad litem* for the protection of such rights. But the duty of the court does not end there. The infant is a ward of the court, and the court is in legal contemplation the infant's guardian. (*Cowles* v. *Cowles,* 3 Gilm. 435; *King* v. *King,* 15 Ill. 187; *Grattan* v. *Grattan,* 18 id. 167; 14 R. C. L. 267.) In the discharge of that duty the court in *Hartmann* v. *Hartmann,* 59 Ill. 103, where a bill for partition was filed by a guardian for his wards and the proof showed that there could be no partition but a decree must necessarily result in a sale, refused to consent that the property, then safe from the fluctuation of prices, the accidents of money-lending and the faithlessness of guardians, should without any necessity be changed into a fund which might take wing and fly away. In *Ames* v. *Ames,* 148 Ill. 321,

the bill was filed by the next friend of infants, and the court said that if the statute were given a literal construction all persons holding land as tenants in common, whether infants or adults, would be entitled, as a matter of right, to compel partition by a bill in equity because the statute so reads, but the court refused to give it that construction and held it to be the duty of the court to protect the interest of infants when the jurisdiction is invoked in their behalf. In *Alford* v. *Bennett,* 279 Ill. 375, infant defendants by their cross-bill prayed for partition, which was denied because not for their interest, and it was held that it devolved upon their counsel to show that it was for their interest. In *Miller* v. *Lanning, supra,* the court said that the imperative right to partition is limited where part of the estate is owned by infants, and whenever the jurisdiction of a court of equity is invoked on their behalf or for the protection of their property it is the duty of the chancellor to ascertain whether the partition will result beneficially to such infants or to their detriment, and if it is found that it is not to their interest, partition should be denied.

The cases where partition has been refused because detrimental to the interest of infants have been where the infants were complainants, and it has only been in such cases that the court has established a limitation upon the legislative command that partition shall be allowed whether any of the claimants are minors or of full age, but if the right to a partition is absolute, by virtue of the statute, where it can be made, even if the complainant cannot have the use and enjoyment of his property but must wait the termination of a particular estate, section 1 may be fairly construed to apply only to a partition of the premises. Subsequent provisions of the statute provide for a sale of the premises in case they cannot be divided without manifest prejudice to the owners. That is a right not to divide the real estate but to change its character into personal property, and it is a qualified right under provisions designed to prevent a sac-

rifice of substantial interests. The statute provides that the premises shall not be sold unless they shall bring two-thirds of the valuation, and in case they do not bring two-thirds the court may appoint other commissioners to re-value the premises. If there is never a valuation or re-valuation upon which a sale for two-thirds can be made there can be no sale. If the statute is to be construed as giving a right to compel a sale of a remainder after a life estate, where a purchaser cannot know whether he will get possession of his property in his lifetime or not and the interests of other owners will be sacrificed, a speculator may obtain for a trifling consideration the interest of a needy remainder-man, file a bill for partition of property that cannot be partitioned and practically destroy the other interests. Every sentiment of right and justice rebels against a construction of the statute which would permit such a result. Section 1 by its terms is limited to actual partition of the real estate, by which a severance of the interests of the owners cannot result in wrong or injustice, as each owner will hold the same interest as before, and we cannot attribute to the General Assembly an intent, by giving a qualified right to a sale, to accomplish the wrong and injustice that would result in this or similar cases. We regard the legislative intention as giving an imperative right to partition only in cases where partition can be made, and a court of equity as having a right to refuse to order a sale of a remainder after a life estate where the result will be disastrous to the owners. It was proved, and is now admitted, that the premises cannot be divided on account of their nature and situation, and if a decree for partition had been entered it would have been useless unless the court might also properly order a sale, and under the facts as proved and admitted the chancellor was justified in dismissing the bill.

The decree is affirmed.

*Decree affirmed.*