(No. 14096.—Decree affirmed.)

JEANETTE GIBBS *et al.* Appellants, *vs.* BESSIE ANDREWS *et al.* Appellees.

*Opinion filed October 22, 1921.*

1. WILLS—*effect of devise to life tenants with remainder in fee to heirs of their bodies.* A devise of a certain tract of land to the testatrix's two daughters for the term of their natural lives with remainder in fee simple to the heirs of their bodies will give life estates to the daughters as tenants in common, and the remainder after each life estate will be vested in the children of the life tenant, subject to open up to let in after-born children, diminishing the interest of each.

2. PARTITION—*when land may be partitioned although minors have interest in remainder.* Partition cannot be had as an absolute right where the property itself cannot be divided nor where there is a life estate with remainder and the class of remainder-men cannot be definitely ascertained until the death of the life tenant; but a partition of land held in common by life tenants can be had where the land is capable of division so that each life tenant will have a separate estate, even though the remainder in each share is vested in the minor children of the life tenants and is subject to be opened up to let in after-born children.

3. EQUITY—*jurisdiction of equity is freely exercised to protect persons under disability.* The jurisdiction of equity over the property of persons under legal disability is freely exercised for the protection of such persons whenever their rights are involved, and the court will not only appoint a guardian *ad litem* for the protection of such rights, but will exercise a constant supervision over such guardian and will see that no interest of a minor or other person under disability is prejudiced.

4. MINORS—*equity will not enter decree which will result in a sale against the interests of minors.* The jurisdiction of equity to protect the property of persons under disability extends to the conversion of the estates of minors, but equity will not enter a decree which must result in a sale against their interests.

5. SAME—*when court decreeing partition will not authorize an exchange of property in which minors have an interest in remainder.* A court of equity in decreeing a partition of land held in common by life tenants and in which minors have an interest in the remainder by the terms of a devise will not authorize one ten-

ant to exchange her share of said land for other property alleged to be more valuable, where the exchange is not necessary in order to protect or preserve the property from loss or destruction or to preserve the interests of the parties in the estate or the estate itself.

APPEAL from the Circuit Court of McLean county; the Hon. EDWARD BARRY, Judge, presiding.

STONE, DICK & STONE, for appellants.

H. E. RIDDLE, guardian *ad litem,* for minor appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Ellen Berg died on March 17, 1919, leaving a last will and testament, which was admitted to probate, and by which she devised to her daughters, Jeanette Gibbs and Bessie Andrews, for the term of their natural lives, 100 acres of land in McLean county, with remainder in fee simple to the heirs of their bodies, respectively. Jeanette Gibbs is the wife of Charles Gibbs and has four children,— Merle Gibbs, Naomi Gibbs, Ruth Gibbs and Alberta Gibbs. Bessie Andrews is the wife of Thomas J. Andrews and has four children,—Bernice Andrews, Mildred Andrews, Lola Andrews and Leslie Andrews,—and all of the children are minors. The life estates are vested in Jeanette Gibbs and Bessie Andrews, and the remainder in each is vested in the minor children of the life tenant, subject to open to let in after-born children, diminishing the interest of each. *(Winchell* v. *Winchell,* 259 Ill. 471; *Lewin* v. *Bell,* 285 id. 227; *Brinkerhoff* v. *Butler,* 296 id. 368; *Calvert* v. *Calvert,* 297 id. 22.) The appellants, Jeanette Gibbs, Charles Gibbs, her husband, and Merle Gibbs, one of her children suing by his next friend, filed their bill in the circuit court of McLean county, making the appellees, Bessie Andrews, Thomas J. Andrews, her husband, and the other minor children of the life tenants, defendants, praying the court for partition and

a sale of the portion set off to Jeanette Gibbs and her children for the purpose of an exchange for an equal acreage in another tract of land. The bill set forth the provisions of the will, and alleged that Jeanette Gibbs and Charles Gibbs, two of the complainants, had purchased 160 acres of land in the vicinity of the land devised at the price of $510 per acre and had been offered $625 per acre for the same; that the tract of farm land devised was of the value of $400 per acre; that Jeanette Gibbs and Charles Gibbs were indebted for a portion of the purchase price of the 160 acres to the extent of $30,000, and unless the prayer of the bill could be carried out it would be necessary for them to sell a portion of the same; that the farm so purchased was of greater value, acre for acre, without regard to improvements, than the lands devised by the will, and that it would be for the benefit and advantage of their minor children to exchange the same, acre for acre, giving them 50 acres of the more valuable farm in exchange for the 50 acres to be set off to them in the partition and to be sold for the purpose of the exchange. The object of the bill was to bring about an exchange of the share of the 100 acres devised to Jeanette Gibbs for life, with remainder to her children, for an equal acreage of the farm purchased, which, it was alleged, would be for the benefit of the minors. The adults answered the bill, admitting its material averments and alleging that it would be to the best interests of the minor children that the land should be partitioned and their willingness that the relief prayed for should be granted. The court appointed a guardian *ad litem* for the minor defendants and he demurred to the bill. On the hearing of the demurrer the court overruled it so far as the bill prayed for partition and sustained it as to the exchange of the property. Partition was therefore decreed and commissioners were appointed to make the same and report it to the court, but the prayer of the bill relating to the sale of the land for the purpose of exchange was denied. From that decree the complainants prosecuted

this appeal and have assigned for error the denial of the prayer for a sale and exchange of the land, and the guardian *ad litem* has assigned as cross-error that the court erred in decreeing a partition.

The first question to be considered is whether partition could lawfully be made of the estates of the life tenants with remainder in the share of each to their children. Jurisdiction to grant partition of lands held in tenancy in common is given by statute for the purpose of severing the respective interests and enabling each tenant in common to take possession of, enjoy and improve his separate estate, but it has been considered that the statute only gives an absolute right to partition where a division of the property itself can be made, and in cases where there is a life estate with remainder, and the class of persons entitled to the remainder cannot be definitely ascertained until the death of the life tenant, partition cannot be had. *(Richardson v. VanGundy, 271 Ill. 476.)* It is also the rule that a court of equity, in the exercise of jurisdiction for the protection of the interests of minors, will not enter a decree which must result in a sale against their interests. *(Mechling v. Meyers, 284 Ill. 484.)* Neither of these objections exists in this case so far as an actual partition of the land devised is concerned. Such partition being made, each life tenant will have and enjoy her separate estate, and the fact that the remainder in each share, although vested as to quality, is contingent in quantity cannot injuriously affect any right of the minors. The property will be preserved in accordance with the will of the testatrix but the respective interests will be severed.

In considering the question whether the court erred in refusing to direct a sale of the share to be set off to Jeanette Gibbs and her minor children and an exchange for equal acreage of other land, it is essential to bear in mind the distinction between jurisdiction in the sense of power and authority to adjudicate concerning the subject matter and the proper and legitimate exercise of such jurisdiction.

299—33

When this is done, supposed differences in the conclusions of the court in different cases will disappear. Courts of equity are vested with a broad and comprehensive jurisdiction over the property of persons under a legal disability and are charged with the protection of their interests in the property. This jurisdiction is freely exercised for the protection of such persons wherever their rights are involved. The court will not only appoint a guardian *ad litem* for the protection of such rights, but will exercise a constant supervision over such guardian *ad litem* and will see that no interest of a minor or other person under legal disability is prejudiced. (*Cowles* v. *Cowles,* 3 Gilm. 435; *King* v. *King,* 15 Ill. 187; *Grattan* v. *Grattan,* 18 id. 167; *Hartmann* v. *Hartmann,* 59 id. 103; *Ames* v. *Ames,* 148 id. 321; 10 R. C. L. 340.) That jurisdiction extends to the conversion of the estate of minors. In *Curtiss* v. *Brown,* 29 Ill. 201, where there was a trust for a married woman and the same principle was involved, it was held that the chancery court had jurisdiction, and the court would not disturb the decree after it had been executed and its reversal would destroy existing rights and no benefit would result to the complainant, although if the record had been brought before the court while the decree was unexecuted and when a reversal would have afforded any practical remedy to the beneficiaries, the court would, no doubt, have reversed it. In *Dodge* v. *Cole,* 97 Ill. 338, the question was whether a decree of a court of equity to sell land for the support of one under legal disability was subject to collateral attack, and the court decided that the allegations of the petition being sufficient to give the court jurisdiction, the decree must be regarded as binding in all collateral proceedings. In *Allman* v. *Taylor,* 101 Ill. 185, there was a bill to impeach a former decree under which there had been a sale of land for the purpose of removing encumbrances from property in Indiana from which the minors derived their support. The court said it was a familiar principle that if a court has jurisdiction of

the persons of the parties and the subject matter of the suit its decrees will be conclusive on all parties concerned, and the title to property acquired on sale under a decree in such a case will be valid, no matter how erroneous the decree may be, if within the bounds of jurisdiction. The decree was held immune from collateral attack and the title to the property acquired at the sale was held valid notwithstanding errors, although the court said that it might be, and doubtless was, true that the court found incorrectly.

The effect of these decisions is that the court would have jurisdiction, in a case like the present, to grant the relief prayed for and that a decree granting such relief would not be subject to collateral attack, but the rules under which a court of equity would order a sale of real estate for the purpose of re-investment for the benefit of a life tenant and remainder-men have been considered in various cases. In *Voris* v. *Sloan,* 68 Ill. 588, it was held that the power of a court of chancery to break in upon the terms of a trust or change the terms and conditions imposed by the person creating it can only be exercised in extreme cases, where, if the court does not exercise the power, the property may be lost or wholly fail to answer the purposes of the trust. In *Gavin* v. *Curtin,* 171 Ill. 640, the court stated the rules under which a court of equity would order a sale of real estate for the purpose of re-investment for the benefit of a life tenant and remainder-men and applied the same rule declared in cases of trust. It was held, on the same principle, that the will of a testator is to be observed and the estate preserved as devised and should so descend and vest in the remainder-man. It was conceded that the court was not lacking in power, but it was held that it must appear that there must be some exigency that makes the action of the court indispensable to the preservation of the subject matter or the interest of the minors or some other necessity of the most urgent character. In *Johns* v. *Johns,* 172 Ill. 472, the proper limits for the exercise of the jurisdiction were again stated,

and it was held that while a court of equity has jurisdiction to change the character of property or dispose of it for re-investment or make an exchange contrary to the terms of a will, the court should not exercise the power because the beneficiary will receive a greater benefit by reason of a proposed change, but only because the preservation of the subject matter, or some other like necessity, demands interference with the will. In *Thompson* v. *Adams,* 205 Ill. 552, it was held that while a court of equity has power to appoint a trustee to sell real estate where no trust is created by will, the power will not be exercised unless it is necessary to preserve the property to the life tenant and remainder-man and will not be exercised to enable the life tenant to make an investment which will yield her a greater income. In *Hale* v. *Hale,* 146 Ill. 227, the court stated that a court of equity has jurisdiction to authorize a sale of real estate held in trust for infants or other persons under disability and a re-investment of the proceeds wherever it appears that it will be for the best interests of the trust estate that such sale and re-investment shall be made, and that the jurisdiction in that case was properly exercised. The facts brought the case exactly within the rules we have stated. The land which was to be sold consisted of about 190 acres of vacant and unimproved land, consisting largely of sand ridges, not susceptible of cultivation, which could not be made to yield an income even for agricultural purposes. The land did not furnish enough income to pay more than a small part of the large and constantly increasing general taxes and special assessments for street improvements. The land could be sold for a large sum of money, but if not sold the greater part of its value would be consumed in the payment of charges and the property would be practically lost to the minors.

It is not necessary in this case to make any change in the property devised for its protection or preservation from loss or destruction or to preserve the interests of the parties in

the estate or the estate itself, or any other necessity of the most urgent character, and under well settled rules the decree of the court was in accordance with the law, and it is therefore affirmed.

*Decree affirmed.*