MARDELLA KLEBBA REYNOLDS, Plaintiff-Appellant, *v.* ED LACEY, Trustee Under the Will of B. A. Klebba, Deceased, *et al.*, Defendants-Appellees.

Fifth District   No. 78-320

Opinion filed August 15, 1979.—Supplemental opinion filed on denial of rehearing February 28, 1980.

KASSERMAN, J., specially concurring.

Theodore Van Winkle and David L. Underwood, both of McLeansboro, for appellant.

Law Offices of Terry Sharp, P. C., of Mt. Vernon, for appellees.

2

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Plaintiff appeals from a judgment of the circuit court of Jefferson County dismissing her complaint for partition of real property. Numerous issues are raised, but the determinative issue is whether the trial court's finding that partition would not be in the best interests of one of the minor defendants is sufficient to sustain the dismissal of the complaint below. We find that it is.

Plaintiff was divorced from her husband, B. A. Klebba, on September 9, 1967. The divorce decree denied plaintiff permanent homestead or dower rights in Klebba's realty. Plaintiff appealed from this order. On July 23, 1968, Klebba died. This court reversed the decree and awarded plaintiff homestead and dower rights on October 22, 1969.

Klebba's estate passed into a testamentary trust upon his death. In 1971 or 1972, a parcel of trust realty referred to as Tract I was sold to pay debts. Plaintiff's dower interest was valued at $8841.33, and the court ordered that this amount be made a lien against a second parcel of trust realty (Tract II).

On October 31, 1972, the court entered a decree granting plaintiff one-third of all rents, profits, income and proceeds derived from Tract II. It also ordered that the lien from the sale of Tract I and an amount equal to one-third of the net income from all of the trust real estate since Klebba's death be incorporated into a mortgage against Tract II.

On January 17, 1978, plaintiff filed her complaint for partition of Tract II. The trust beneficiaries, one of whom was a minor, moved to dismiss the complaint on the ground that the plaintiff had no partitionable interest in the property. A guardian ad litem was appointed to represent the minor the day of the hearing of the motion. At the conclusion of the hearing the trial court found that partition would not be in the best interest of the minor defendant and dismissed plaintiff's complaint. Plaintiff appeals.

■■ ■ It has long been the law in the State of Illinois that the court will jealously guard the interests of minors and deny partition if it would be contrary to their best interests. Partition being an equitable proceeding, the court has it within its general equitable supervision to protect the rights and interests of minors. (*Ames v. Ames* (1894), 148 Ill. 321, 36 N.E. 110; *Gibbs v. Andrews* (1921), 299 Ill. 510, 132 N.E. 544; *Hartmann v. Hartmann* (1871), 59 Ill. 103.) The Illinois Supreme Court long ago spoke to the situation here at hand:

> "When a court of equity is called upon by a bill to partition lands in which infants are interested, it is the duty of the chancellor to ascertain whether the partition will result beneficially to such infants or to their detriment, and if it is found that it will not be for

their best interests, partition should be denied. [Citations.]" (*Miller v. Lanning* (1904), 211 Ill. 620, 622, 71 N.E. 1115; see also *Tanner v. Tanner* (1927), 326 Ill. 302, 157 N.E. 161.)

Here, the trial court made the explicit finding that "one of the parties in interest in this cause is a minor whose interests must be closely guarded by the court and that partition is not in the best interests of said minor."

■ We find no reason to reverse the trial court's dismissal of the complaint. The ruling of the trial judge is presumed to be correct, especially since the appellant has furnished no transcript of the hearing. (*Dean v. Dean* (1948), 401 Ill. 406, 82 N.E.2d 342.) Therefore, the decision of the circuit court of Jefferson County is affirmed, and the remaining issues raised by appellant need not be addressed.

Affirmed.

KUNCE, J., concurs.

Mr. JUSTICE KASSERMAN, specially concurring:

I concur with the majority in holding that plaintiff's complaint for partition was properly dismissed; however, I am of the opinion that the majority has focused unnecessarily upon the question of the best interests of the minor defendant in this case. As a consequence, the majority has failed to consider the fundamental issue presented, being whether a partition action can be brought by an individual whose interest in real property is derived from the assignment of a dower interest which consisted of the receipt for life of a portion of the rents and profits from the real estate.

Section 1 of "An Act in relation to the partition of real estate, and to repeal an act herein named" (Ill. Rev. Stat. 1977, ch. 106, par. 44) states in part:

> "When lands, tenements, or hereditaments are held in joint tenancy or tenancy in common, whether such right or title is derived by purchase, devise or descent, or whether any or all of the claimants are minors or of full age, any one or more of the persons interested therein may compel a partition thereof by complaint * * *."

Courts in Illinois have construed this section to require that in order to state a cause of action in partition, the plaintiff must either allege facts showing a legal estate in himself at the time of filing the complaint or allege facts which show that he is the equitable owner with such additional circumstances as would justify a court of equity in vesting a legal estate in him by decree of court, which estate may be made the subject of partition and division among the beneficiaries in the same proceedings. (*Jones v. McCollen* (1967), 85 Ill. App. 2d 375, 227 N.E.2d

788; *cf. Clarke v. Clarke* (1932), 349 Ill. 642, 183 N.E. 13.) Thus, in this case we must determine whether plaintiff's assignment of dower in the form of a life interest in the rents and profits from Tract II constitutes such an estate in the land.

Dower is an inchoate right which vests upon the death of a spouse. (*Mitchell v. Mitchell* (1927), 328 Ill. 136, 159 N.E. 274.) This vested dower right is a chose in action to demand assignment of dower (*Maring v. Meeker* (1914), 263 Ill. 136, 105 N.E. 31) and does not become an estate in land until it is assigned. (*Liesman v. Liesman* (1928), 331 Ill. 287, 162 N.E. 855.) Where the heirs do not voluntarily assign dower, the doweress may bring a court proceeding requesting assignment. The procedure used by the court in assigning dower is similar to the procedure used in a partition proceeding.

Under sections 33 and 34 of the Probate Act (Ill. Rev. Stat. 1967, ch. 3, pars. 33, 34) dower may be assigned in one of the following ways: (1) a life estate in a portion of land representing one-third of the entire estate in land which the deceased spouse died seized of; (2) a yearly sum of money payable for life, the amount of which is determined at the time of the assignment by dividing the projected annual yield of the entire estate in land by three; and (3) ownership of one-third of the income derived from the property during the life of the surviving spouse as a tenant in common with the heirs entitled to receive the remaining two-thirds interest.

The latter method of assignment was utilized in this case. Plaintiff contends that by virtue of this assignment she became a tenant in common with the owner of the fee, thereby enabling her to have the requisite standing for a partition action. I disagree.

In the case of *Walker v. Walker* (1879), 5 Ill. App. 289, the court characterized the doweress' receipt of one-third of the rents and profits of the land for life as being in lieu of an assignment of the land itself. Since plaintiff's interest is income severable from the land, the land itself is owned in fee by the defendants, subject to plaintiff's ownership of one-third of the income therefrom. Plaintiff owned no interest in the real estate which would entitle her to compel partition and, therefore, lacked standing to bring this action.

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

Plaintiff has filed a petition for rehearing and raises three points claimed to have been overlooked or misapprehended by the court. They are: (1) the court improperly grounded its decision on defendant Byford Lynn Klebba's minority where at the time the court's decision was

entered, the defendant was no longer a minor; (2) the court failed to consider whether plaintiff's dower, assigned as one-third of the rents and profits, is an estate in land sufficient to compel partition; and (3) the court failed to consider whether plaintiff's complaint stated a cause of action.

We have carefully considered the points raised by plaintiff, and we deny her petition for rehearing for the reasons set forth in the special concurring opinion, namely, plaintiff owned no interest in the real estate which would entitle her to compel partition and, therefore, lacked standing to bring this action. Her complaint was properly dismissed by the trial court.

Petition for rehearing denied.

Judgment affirmed.

HARRISON and SPOMER, JJ., concur.[1]

---

[1] Judges Moses W. Harrison II and Dorothy W. Spomer have replaced Judges Peyton Kunce and George J. Moran who retired after the opinion was filed.