LYDIA HAINES

*v.*

NANCY F. HEWITT *et al.*

*Filed at Springfield June 15, 1889.*

1. INFANTS—*decrees against them—impeachment thereof.* A decree against an infant is absolute in the first instance, but may be attacked and impeached either for fraud or for error of law apparent upon the face of the record, by original bill filed for such purpose, at any time before the infant attains majority, or within the period after majority allowed by law for the prosecution of a writ of error for the reversal of such decree.

2. DOWER—*apportionment—as among several heirs—and in what proportion, as to the entire estate.* On bill for the partition of 367½ acres of land between two heirs, and the assignment of the widow's dower, the commissioners set off to the adult heir 165 acres and 202½ acres to the infant defendant, and gave the widow dower in the whole tract set off to the infant, and left the adult heir's part free from dower: *Held,* that the proceedings showed manifest error on their face, and that such error afforded good ground for impeaching the decree, on bill filed by the infant heir in proper time after attaining her majority.

3. AMENDMENT OF RECORD—*as not obviating error already committed.* Where the report of commissioners appointed to make partition of lands and set off dower therein, shows, on its face, substantial error, a motion to amend the record so as to show an approval of the report, on a bill by one of the parties to impeach the proceedings for error, may well be refused, as in such case the amendment proposed would not cure the defect or obviate the error in the original proceedings.

WRIT OF ERROR to the Circuit Court of Christian county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

Mr. FRANK DRENNAN, and Mr. SHERMAN H. HAINES, for the plaintiff in error.

Mr. ANTHONY THORNTON, and Mr. J. C. McBRIDE, for the defendants in error.

Mr. JUSTICE BAKER delivered the opinion of the Court:

Thomas Anderson died intestate about the 1st of April, 1866, seized in fee of 367½ acres of land, situate in Christian county. He left him surviving his widow, Virginia B. Anderson, an infant daughter, Nancy Florence Anderson, who was born on the 13th day of July, 1865, and Lydia Haines, an adult married daughter by a former wife. The widow afterwards intermarried with Bennett Locknitt, and Nancy Florence is now, and for several years has been, the wife of one Aurelius M. Hewitt. Said Lydia Haines, joining with her husband, Fletcher Haines, filed to the November special term, 1866, of the circuit court of Christian county, a petition for partition and assignment of dower, to which said Virginia B. and Nancy Florence were made parties defendant, and there was service of process upon both of them. There was a default, and decree *pro confesso* against Virginia B., and a guardian *ad litem* appointed by the court filed answer for Nancy Florence. The court found that said Lydia and said Nancy Florence were the owners of said lands in equal parts, as tenants in common, subject to the dower of Virginia B., and decreed partition and assignment of dower, and appointed commissioners to make partition and set off dower. The commissioners made a report to the court, in which they allotted to Lydia 165 acres, and to Nancy Florence 202½ acres of the land, and set off to the widow, Virginia B., as dower, the whole of the land that was assigned by them to Nancy Florence, and no part of that assigned to

Lydia. Said report was filed, and marked "Approved.—E. Y. Rice, Judge," but no order was entered upon the records of the court showing the confirmation of said report, or vesting titles and interests in accordance therewith. Thereafter, Virginia B. and Lydia each took possession, in severalty, of the respective tracts of land allotted to them by the report, and Lydia subsequently sold and conveyed to one Thomas I. Traylor 57½ acres of the land so set off to her.

On the 28th day of August, 1884, Nancy Florence Hewitt filed in the circuit court of Christian county the present bill in chancery, against Lydia Haines, Virginia B. Locknitt, and others, for the purpose of impeaching and setting aside the aforesaid decree and proceedings for fraud and for errors apparent upon their face, and for a partition of and the assignment of dower in the lands. Answers and replications were filed. The court, at its November term, 1885, found and decreed that all proceedings had under and by virtue of the decree or judgment of the November special term, 1866, of the court, including the report of the commissioners in making partition and assignment of dower, were and are erroneous, irregular and void, and that neither party acquired any interest in or title to said lands thereby, and further found and decreed that said Nancy Florence was entitled to the relief prayed for in her bill, and decreed a new partition and assignment of dower, and appointed commissioners to make such partition and set off such dower. The lands were afterwards partitioned, and dower set off in conformity with the provisions of this latter decree. The writ of error sued out herein questions the propriety of the proceedings of the circuit court, based upon the bill filed by Nancy Florence Hewitt, the defendant in error.

The practice does not obtain in this State, of giving, by the decree, an infant a day in court upon his or her coming of age. It is here the settled rule that a decree against an infant is absolute in the first instance, but may be attacked and impeached, either for fraud or for error of law apparent upon

the face of the record, by original bill filed for such purpose at any time before the infant attains majority, or within the period after majority allowed by statute for the prosecution of a writ of error for the reversal of such decree. *Loyd* v. *Malone*, 23 Ill. 43; *Kuchenbeiser* v. *Beckert*, 41 id. 172; *Hess* v. *Voss*, 52 id. 472; *Gooch* v. *Green*, 102 id. 507; *Lloyd* v. *Kirkwood*, 112 id. 329. In this case the complainant filed her bill shortly after her arrival at the age of nineteen years, and so it was presented in ample and apt time.

Plaintiff in error and defendant in error were, under the law of the land, entitled to have and receive, in equal shares, the estate of their deceased father. It appears from the record before us, that while plaintiff in error was at once given possession and control of the 165 acres of land allotted to her by the proceedings had in 1866, yet that defendant in error, down to the time of the rendition of the decree of 1885, had received no part of her inheritance. The widow is still living, and the probabilities are, that if the partition and assignment of 1866 were permitted to stand, an additional number of years would intervene before defendant in error would receive any pecuniary benefit from the estate. The proceedings of the court at the November term, 1866, were unjust and erroneous. They imposed the whole burden of the widow's dower in the estate upon the lands assigned to one heir, and wholly relieved therefrom the lands assigned to the other heir. (*Schnebly* v. *Schnebly*, 26 Ill. 116.) This rank injustice and manifest error is sufficient, of itself, to afford good ground for impeaching the decree and proceedings.

The injustice of the result reached by the partition proceedings of 1866, as affecting the rights of Nancy Florence, the infant defendant therein, is made more apparent if we may consider, in connection with the record then made, the pleadings and testimony in the present case. The widow was only entitled, as dower, to the one-third of the lands of her deceased husband, and she was given by the commissioners appointed

in 1866, a life estate in $202\frac{1}{2}$ acres of the $367\frac{1}{2}$ acres left by him; and it appears from the record now before us, that these $202\frac{1}{2}$ acres were of equal value with, and probably of greater value than, the residue of the estate. The widow, then, instead of receiving only one-third of the lands of her deceased husband, was given more than a moiety in quantity, and a moiety or more in value, and the entire burden was placed upon the share of the infant heir, and the share of the adult heir wholly exempted therefrom.

There was no reversible error in the refusal of the court to allow the motion to amend the record of the court, made at the November special term, 1866, so as to show that the court approved the report of the commissioners then made. There was substantial error in the report itself, and the proposed amendment of the record would not have cured the defects or obviated the error; and plaintiff in error was not injured by the action of the court in the premises. Defendant in error expressly stated in her bill of complaint that she did not desire or ask that the title to the $57\frac{1}{2}$ acres of land sold in 1868 by plaintiff in error to Thomas I. Traylor should be disturbed, and that she claimed no relief against the land so sold. At the hearing it was, by the agreement and consent of both plaintiff in error and defendant in error, ordered and directed that said $57\frac{1}{2}$ acres should be assigned to plaintiff in error, and this was done by the newly appointed commissioners in making partition and setting off dower. This action was manifestly for the benefit of plaintiff in error, and by her express consent entered of record, and she can not now be heard to complain in regard thereto.

We find no error in the record for which the decree rendered at the November term, 1885, should be reversed, and it is therefore affirmed.

*Decree affirmed.*