(No. 15731.—Decree affirmed.)

MICHAEL F. RYAN *et al.* Appellants, *vs.* CHARLES H. ALLEN *et al.* Appellees.

*Opinion filed April 14, 1924—Rehearing denied June 5, 1924.*

1. JUDICIAL SALES—*amendment of 1921 to Judgment act contains valid saving clause.* The purpose of the amendment of 1921 to the Judgment act (Laws of 1921, p. 500,) is to restore the act to the form in which it existed prior to the amendment of 1917, and the provision preserving the operation of the act of 1917 with respect to sales of real estate pursuant to decrees foreclosing mortgages or trust deeds executed between 1917 and 1921 is a proper saving clause and does not violate the constitutional rights of a judgment creditor who fails to exercise his right to redeem within the fifteen months prior to sale under the act of 1917. (*Dobbins* v. *First Nat. Bank,* 112 Ill. 553, followed.)

2. STATUTES—*statute changing procedure, only, in absence of saving clause applies to all rights of action, no matter when they accrued.* Where a statute confers a vested right it cannot afterward be altered or amended so as to destroy the right, but if a change in the statute affects only the remedy or procedure, all rights of action are governed thereby in the absence of a saving clause, without regard to whether they accrued before or after such change and without regard to whether suit had been previously instituted or not.

APPEAL from the Circuit Court of Cook county; the Hon. IRA RYNER, Judge, presiding.

NOVAK & NOVAK, for appellant Michael F. Ryan.

LESLIE A. NEEDHAM, for appellant Walter E. Somers.

WEST & ECKHART, CHARLES L. BARTLETT, and SHER-MAN C. SPITZER, (WILLIAM M. KLEIN, W. L. BOURLAND, and HERBERT BECKER, of counsel,) for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Cook county sustaining a demurrer to an amended bill filed by appellant Ryan and to a cross-bill filed by appellant Somers and dismissing the bills for want of equity.

The executors of the estate of Levi P. Morton held a trust deed executed in 1919 on a certain lot in the city of Chicago, which constituted a first lien upon such premises. On default of interest the whole of this first lien was declared due, and a bill to foreclose the same was filed in the circuit court of Cook county on November 12, 1920, Ryan being a party defendant thereto. A decree of foreclosure of this trust deed was entered July 1, 1921. On October 27, 1922, there was a sale by a master under this decree to the executors of the Morton estate, a deed was executed and the executors immediately went into possession. The trust deed was executed and the bill to foreclose was brought during the time the 1917 amendment to the Judgment act was in force. The sale and execution of the deed on October 27, 1922, purport to be taken under the provisions of the 1917 amendment to this act. (Laws of 1917, p. 558.)

The Judgment act of 1872 was substantially amended in 1917 as to the procedure for the redemption of property by judgment debtors or judgment creditors. The form of the act as it existed before 1917 was fully restored by the amendment of 1921. (Laws of 1921, p. 500.) That amendment provided, among other things, that its terms should not apply to "sales of real estate made pursuant to decrees foreclosing mortgages or trust deeds executed on or after July 1, 1917, and prior to July 1, 1921," but that such sales should be subject to the act as amended in 1917. The manifest purpose of the amendment of 1921 was to

repeal the amendment of 1917 and to restore the act to the form in which it existed prior to the 1917 amendment, but to apply the 1917 amendment to "sales of real estate made pursuant to decrees foreclosing mortgages or trust deeds" executed between July 1, 1917, and July 1, 1921. The trust deed in question was executed between July 1, 1917, and July 1, 1921, and the bill to foreclose the same was brought during this period. The decree of foreclosure bears date of July 1, 1921. The sale under the decree of foreclosure, had in accordance with the terms of the act as amended in 1917, took place on October 27, 1922.

The appellants, Ryan and Somers, contend that the Judgment act as amended in 1917 does not apply to these proceedings, but that they have the right of redemption under the act of 1921, which should properly have applied to the proceedings here in issue.

Michael F. Ryan, the complainant below, was the owner of the premises at the time of the decree of foreclosure of July 1, 1921. Pending a sale under this decree Ryan conveyed the premises to the cross-complainant, Walter E. Somers, on December 6, 1921. On the same date Somers executed to Ryan a judgment note for $25,000, payable on or before nine months after date. Default having been made in the payment of this note, Ryan on October 27, 1922, obtained a judgment against Somers in the superior court of Cook county for the sum of $26,450 and costs. On the basis of this judgment Ryan filed his original bill of complaint in the circuit court of Cook county on March 23, 1923, seeking to redeem the property in controversy from the sale made to the executors of Levi P. Morton on October 27, 1922. On May 19, 1923, Somers filed a cross-bill also seeking to redeem the same property from the sale to such executors. The executors filed a general demurrer to Ryan's bill of complaint as subsequently amended, as well as to the cross-bill of Somers. The demurrer was sustained and the bills were dismissed for want of equity.

Ryan and Somers contend that they are entitled to redeem under the terms of the Judgment act as amended in 1921, on the ground that the saving clause in the amendatory act of 1921 is unconstitutional, in that it seeks to apply the act as amended in 1917 to this transaction. The act of 1872 as it stood before the amendment of 1917 and since the amendment of 1921 provides for a sale of property upon not less than three weeks' notice after the decree, for the issuance of a certificate to the purchaser by the master or sheriff and the recording of a duplicate thereof, and for successive rights of redemption within twelve months by the defendant or those holding under him, and within three months following such twelve months' period by any judgment creditor. Sale was had and a deed issued after the expiration of the redemption period. The act as amended in 1917 and as in force from 1917 to 1921 provided for the issuance of a certificate to the judgment or decree creditor, and for redemption within twelve months by the defendant or those holding under him, or within fifteen months if there was no redemption by a judgment creditor, and for redemption by a judgment creditor after twelve months and within fifteen months after the date of the certificate. Sale was had and a deed issued after the expiration of the redemption period.

The chief difference between the act as amended in 1917 and as it existed prior to July 1, 1917, and since July 1, 1921, is, that between 1917 and 1921 the redemption period ran before sale and the real estate was sold after the expiration of the fifteen months following the issuance of the certificate, whereas under the law before 1917 and since 1921 the property was sold first and the redemption period ran from the date of the sale. Under the act of 1917 the certificate was, in effect, a certificate of the judgment; under the act as amended in 1921 it was a certificate of sale. Under the decree of foreclosure of July 1, 1921, the sale of October 27, 1922, was had after the expiration of the

fifteen months from the certificate of the judgment, in compliance with the act of 1917 as preserved in force with reference to this transaction by the saving clause in the amended act of 1921.

So far as we can determine, the issue here presented is that appellants claim they will be deprived of their constitutional rights if the amendment of 1917 is applied to them. In taking this view they contend that the saving clause in the act of 1921 is unconstitutional and void in seeking to apply to this transaction the terms of the Judgment act as amended in 1917, and that the act as amended in 1921 therefore applies. Upon this basis their contention is that under the act of 1921 no right to redeem existed until after the sale, and that the twelve and three months' redemption periods for the defendant and for judgment creditors successively, would not begin to run until the sale of October 27, 1922. On the other hand, appellees rely upon compliance with the act as amended in 1917, under which the redemption period was to run, and has run, for fifteen months before the sale of the property. Under the amendment of 1917 the appellees contend, therefore, that the title to the property vested in them as a result of the sale of October 27, 1922, and the deed based thereon. A period of more than fifteen months had run between the decree of July 1, 1921, and the sale thereunder of October 27, 1922, within which there could have been redemption by the defendant and the judgment creditor, respectively, if the act as amended in 1917 is applicable. On the other hand, it is appellants' contention that the act of 1921 is applicable, and that the fifteen months' period for redemption did not begin to run until a sale had been made, and admittedly the sale was made on October 27, 1922.

At the time Ryan sold the premises to Somers the decree of foreclosure of July 1, 1921, had been in effect for a number of months, and it continued to run until the time when Ryan obtained his judgment against Somers, on Oc-

tober 27, 1922. The appellants rely upon the contention that they were entitled to disregard all actions purporting to be taken under the act of 1917 and to proceed under the act of 1921, on the ground that the saving clause in the act of 1921 is unconstitutional and void. We cannot so hold. The act of 1921 merely sought by its terms to preserve the operation of the act of 1917 with respect to sales of real estate made pursuant to decrees foreclosing mortgages or trust deeds executed between 1917 and 1921. The General Assembly in amending the act in 1921 sought to apply a previously existing rule to transactions that had taken place within the time when such pre-existing rule was in effect. We deem this the proper function of a saving clause and find no constitutional objection to it. The saving clause here is substantially the same as that in the amendment of 1917. We regard the saving clause as constitutional, and as not violative of section 29 of article 6 of the constitution, which requires that "the force and effect of the process, judgments and decrees of such courts, severally, shall be uniform."

When the Judgment act of 1872 was enacted and that of 1845 repealed, a saving clause provided that the change should not affect "any rights that may have accrued or any suits or proceedings that may be pending when this act shall take effect." In commenting upon the saving clause of 1872 this court said in *Dobbins* v. *First Nat. Bank,* 112 Ill. 553, on page 563: "We think the manifest object and effect of this provision was to continue the old law in operation as to all existing rights and to all cases where suits had been actually commenced." We further said in that case (p. 565): "It is well settled by authority that statutes are not to be given a retrospective operation except where it is manifest the legislature intended they should have such operation; and, as already shown, it is not competent even for the legislature to give such operation to an act where it will affect existing or vested rights. * * * But, out-

side of this well established rule of construction, we have already seen the repealing clause of the act of 1872 expressly provided the repeal of the act of 1845 was not to affect any suits or proceedings that might be pending when that act went into effect." We consider the rule of this case as applicable here, although the saving clause here is broader than that involved in the *Dobbins case.*

While it is conceded by counsel for both parties that where a statute confers a vested right it cannot afterward be altered or amended so as to destroy the right, yet both parties agree if a change in the statute affects only the remedy or procedure, all rights of action are governed thereby in the absence of a saving clause, without regard to whether they accrued before or after such change and without regard to whether suit had been previously instituted or not. *Otis Elevator Co.* v. *Industrial Com.* 302 Ill. 90, and cases there cited.

It seems to be conceded that if the doctrine laid down in the case of *Dobbins* v. *First Nat. Bank, supra,* is controlling, the decision of the trial court must be controlling here; but it is argued by counsel for appellants that the doctrine of the *Dobbins case* has been largely, if not entirely, reversed by the opinion of the United States Supreme Court (195 U. S. 1,) in its reversal of the case of *Bradley* v. *Lightcap,* 202 Ill. 154. It is not directly pointed out in the briefs wherein the decision of the United States Supreme Court has, in terms, directly or indirectly overruled the former ruling of this court in the *Dobbins case,* and we do not understand that the doctrine which we have quoted from the *Dobbins case* was directly or indirectly overruled by the United States Supreme Court in *Bradley* v. *Lightcap, supra.* A careful examination of the reasoning of the Supreme Court of the United States in the *Bradley case,* together with the reasoning of this court in the *Dobbins case,* causes us to reach the conclusion that the doctrine laid

down by this court in the *Dobbins case,* as relied on in this opinion, is still the law and still in full force in this State.

We cannot discover that the saving clause in the act of 1921 deprives either Ryan or Somers of due process of law or of the equal protection of the laws.  The act of 1917 applies uniformly to all of the transactions to which it is made applicable by the saving clause of 1921.

The decree of the circuit court will therefore be affirmed.

*Decree affirmed.*

---

(No. 15894.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK McGUIRK, Plaintiff in Error.

*Opinion filed April 14, 1924—Rehearing denied June 5, 1924.*