· (No. 16000.—Decree affirmed.)

LAURA WOODS HALL et al. Appellants, vs. THE AMERICAN BANKERS INSURANCE COMPANY et al. Appellees.

*Opinion filed December 16, 1924—Rehearing denied Feb. 6, 1925.*

1. MORTGAGES—*foreclosure sale cannot be enjoined because decree creditor has contracted for sale of the property.* A foreclosure sale, under the statute on judgments and decrees, as amended in 1917, cannot be enjoined by the owner of the equity of redemption on the ground that the complainants in the foreclosure proceeding have contracted to sell the property subject to the right of redemption, as the complainants, if they fear the property will not sell for enough to pay the indebtedness, are entitled to produce a purchaser who will take the property at a sufficient figure.

2. SAME—*suit to enjoin foreclosure sale is collateral to foreclosure proceeding.* A suit to enjoin a sale pursuant to a decree in foreclosure is a collateral attack upon the foreclosure proceeding, and the sale will not be enjoined for errors of procedure or fact which might have been corrected in the foreclosure suit, or for fraud in obtaining the decree unless the fraud affects the jurisdiction of the court or appears upon the face of the record.

3. SAME—*redemption is not a constitutional right.* The right of redemption is a purely statutory and not a constitutional right.

4. SAME—*amendment of 1917 to statute on judgments and decrees did not take away right of redemption.* The statute on judgments and decrees, as amended in 1917, did not take away the right of redemption from foreclosure but merely required the right to be exercised within fifteen months prior to the sale instead of within the same period after the sale, as the law now is.

5. SAME—*the statute on judgments and decrees, as amended in 1917, provided for public foreclosure sale.* Section 28 of the statute on judgments and decrees, as amended in 1917, (Laws of 1917, p. 561,) in not prescribing the time, manner or method of making a sale of real estate for indebtedness, did not take away the right to a public foreclosure sale, as the authority of the master to sell is derived from the decree, alone, and not from the statute, and sales under decrees for foreclosure can only be made at public vendue after the giving of such public notice as is fixed by the court in its decree.

6. SAME—*meaning of word "immediately," in section 28 of the statute on judgments and decrees, as amended in 1917.* The word "immediately," as used in section 28 of the statute on judgments

and decrees, as amended in 1917, providing for a sale "immediately" on the expiration of the period allowed for redemption, must be construed to mean a sale as soon as the proper legal steps can be taken to enable the master to make a sale at public vendue.

7. STATUTES—*statute is not unconstitutional because its sections are repugnant.* Because two sections of a statute are repugnant is no reason why either one of them should be held unconstitutional.

APPEAL from the Circuit Court of Cook county; the Hon. HUGO M. FRIEND, Judge, presiding.

CHARLES T. PALMER, for appellants.

W. P. THORNTON, for appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Cook county dissolving an injunction and dismissing a bill filed by appellants against the American Bankers Insurance Company, a corporation, William A. Doyle, master in chancery of said court, and William A. Doyle personally, appellees, to enjoin the sale of certain premises under a decree of foreclosure of the circuit court theretofore entered in a cause wherein the American Bankers Insurance Company was complainant and Laura Woods Hall *et al.* were defendants, upon a bill in chancery to foreclose two certain trust deeds upon the premises described in the present bill, which trust deeds were given in 1919. The foreclosure decree was entered on June 20, 1922, in accordance with the provision of section 32 of chapter 77 of our statutes, which provides that sales of real estate made pursuant to decrees foreclosing mortgages or trust deeds executed on or after July 1, 1917, and prior to July 1, 1921, shall be governed by the amendment to said chapter of July 1, 1917. The decree ordered a sale of the premises in accordance with the method of procedure pointed out by the amendment of July 1, 1917.

One of the grounds set up in the bill for injunction is that after the decree the insurance company entered into a contract with Durchslag & Susman for the sale of the premises in question to them for $26,500, and in the contract agreed that it would not assist or co-operate with any persons to make redemption and that it would in good faith attempt to deliver the title of the premises to Durchslag & Susman. The contract recited the fact that appellants had a right to redeem the premises in fifteen months from the date of the foreclosure decree, and the contract was made subject to such right of redemption. Appellants were not entitled to have the sale enjoined on this account. The redemption was to be made to the master in chancery and not to the insurance company, and the sale was to be made by the master in chancery, whose official duty it was to sell the premises, if a sale were made, for the highest price which he could obtain by the use of all reasonable endeavor at the sale. Complainants in the foreclosure proceeding, if they feared that the property would not sell for enough at the foreclosure sale to pay the amount of the certificate of indebtedness, had a right to find someone who would either bid enough to pay such amount or who would take the property off their hands at a figure sufficient to make them whole. No pretense is made but that the master in chancery would perform his official duty to the utmost.

This is not a hearing upon a bill of review, upon writ of error or appeal but is a collateral attack upon the judgment rendered in the foreclosure suit. In the original suit the court had jurisdiction over the parties and of the subject matter, and unless the decree is void an injunction will not lie to enjoin a sale under the decree for errors of procedure or fact where such errors might have been corrected in the foreclosure suit itself, or for fraud in obtaining the decree unless the fraud affects the jurisdiction of the court or appears upon the face of the record. Many

of the grounds upon which the present bill was based consist of matters which were or could have been raised in the original suit, and so cannot be considered here.

It is contended by appellants that the decree in the foreclosure proceeding was founded on a statute which is unconstitutional, and that the decree was therefore void. Section 28 of chapter 77, as amended July 1, 1917, provided that if a decree of foreclosure should not be satisfied, "the real estate in said certificate described shall immediately after the expiration of fifteen months from the date of the first certificate provided for in this act, be sold by the sheriff, master in chancery, or other officer who issued said first certificate," and it is contended that this section of the statute is unconstitutional because it deprives complainants of their equity of redemption, and right of contract in respect thereto, without due process of law. This contention is not tenable. The right of redemption is a purely statutory and not a constitutional right. By the act in question it was not taken away from complainants, but by section 27 of that act they were given the right to redeem at any time before the expiration of fifteen months from the date of the certificate of indebtedness, which section 16 of that act directed the master in chancery to deliver to the decree creditor, the only difference with reference to redemption between the amendment of 1917, the act prior to that time and the law at the present time being, that under the amendment of 1917 the redemption was required to be before the sale, while in the law as it was prior to that time, and now is, the fifteen months' redemption period was after the sale.

After the issue of the certificate of indebtedness the decree debtor, under the act of 1917, had fifteen months in which he could redeem or sell his equity of redemption. In no sense can it be said that by the decree of foreclosure now under consideration appellants were deprived of their property, or right to contract with reference thereto, with-

out due pocess of law. In *Ryan* v. *Allen,* 312 Ill. 250, it was held that section 32 of chapter 77, which is the saving clause in the act of 1921 and is the clause under which the decree now under consideration was entered, is constitutional.

It is contended by appellants that the decree in question is in violation of the constitution of Illinois because section 28 of the act in question is repugnant to section 14 of the same act; because it deprives appellants of their right of sale at public vendue; because, while providing for immediate sale by the master, said section contains no provision as to the manner, method or time for the making of such sale, and is therefore vague and indefinite. Repugnancy and unconstitutionality are two entirely different matters. Because two sections of a statute are repugnant is no reason at all why either one of them should be held unconstitutional. The section in question did not deprive appellants of their right of sale at public vendue. Sections 28 and 14 are not repugnant. While section 28 does not describe the time, manner or method of making the sale, the authority of the master to sell is derived from the decree, alone, and not from statute, and it has long been the settled law of this State that sales under decrees for foreclosure can only be made at public vendue after the giving of such public notice as is fixed by the court in its decree. *Moore* v. *Bracken,* 27 Ill. 23.

It is contended by appellants that section 28 makes it mandatory that in the event of non-redemption of the mortgaged premises within fifteen months from the date of the entry of the decree the master must immediately sell the premises and make a deed to the purchaser thereof, and that to follow this statute it required the master in chancery to sell the property immediately on the 20th day of September, 1923, without notice and without the intervention of any interval of time after the expiration of the

equity of redemption; that the right to have the mortgage sale made at public vendue after the publication of public notices is a right of such long standing that section 28 is in contravention of public policy and therefore unconstitutional. While the word "immediately" has been defined as "without delay," "without any interval of time," "instantly," and "at once," in the statute in question it must be construed in connection with the other provisions of the same act and with the decisions of this court heretofore made with reference to judicial sales under decrees of foreclosure. The section in question must be construed to mean that the master in chancery shall immediately,—*i.e.*, as soon as the proper legal steps can be taken to enable him to do so,—sell the premises in question at public vendue.

The decree in question provided that if redemption be not made the master in chancery should immediately after the expiration of fifteen months from the date of the certificate sell the mortgaged premises at public vendue to the highest and best bidder, at the judicial sales room of the Chicago Real Estate Board in Chicago, Cook county, Illinois,—the place fixed by rule of the circuit court of Cook county for holding judicial sales. The decree also required the master in chancery to give public notice of the time, place and terms of sale by publishing the same at least once a week for three successive weeks in a secular newspaper of general circulation published in Chicago, Cook county, Illinois, etc.

The decree of foreclosure was not void and the circuit court properly dissolved the injunction and dismissed the bill of appellants, and the decree will therefore be affirmed.

*Decree affirmed.*