JOHN N. MITCHELL et al. Appellants, vs. A. C. MITCHELL et al. Appellees.

*Opinion filed December 21, 1927.*

1. DEEDS—*recorded deed of voluntary settlement is presumed delivered.* The presumption arising from the recording of a deed that it was delivered is very strong in case of a voluntary settlement by a father upon his children.

2. CLOUD ON TITLE—*when deed and partition decree cannot be set aside for fraud—homestead.* Where a father deeds his land to his four children and after the death of one of them without children an *ex parte* partition proceeding is had, children of the grantor's second wife, who did not join in the deed, cannot, more than twenty years thereafter, have the deed and the partition proceeding set aside for fraud on the ground that the value of the land when the deed was made and the consideration expressed was less than the homestead and that the deed therefore conveyed nothing, where they were parties to and entered their appearance in a proceeding by their mother, on the death of the grantor, to have homestead and dower set out, in which proceeding the complainant set forth the deed in which she did not join and the *ex parte* partition proceeding, as they were then charged with notice of the deed and of the partition suit.

3. JUDGMENTS AND DECREES—*when minor may attack a decree.* An infant cannot attack a decree to which he was a party, either for fraud or for errors of law apparent on the face of the record, unless he does so before he attains his majority or within the period after his majority allowed by law for the prosecution of a writ of error.

APPEAL from the Circuit Court of Franklin county; the Hon. JULIUS C. KERN, Judge, presiding.

D. G. THOMPSON, and W. H. HART, for appellants.

THOMAS J. LAYMAN, and WILLIAM B. JOHNSON, for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

On and prior to December 23, 1874, John B. Mitchell owned and possessed 240 acres of land in Franklin county, described as the northwest quarter of the northeast quarter, the northeast quarter of the northwest quarter, the southeast quarter of the northwest quarter, the east half of the southwest quarter of the northwest quarter, the northeast quarter of the southwest quarter, the east half of the northwest quarter of the southwest quarter, and the southwest quarter of the southwest quarter, all in section 1, township 7 south, range 1 east of the third principal meridian. He resided on the land with his family in a two-story brick house situated on the east half of the southwest quarter of the northwest quarter. On that date he conveyed the entire 240 acres to his four children, A. C., U. L. G. and I. D. Mitchell and Nancy Humphreys, by warranty deed, for a stated consideration of $100. His wife, Leanna, did not join with him in the deed. This deed was recorded on February 23, 1875, in the recorder's office of Franklin county. After this conveyance John B. and his family continued to reside on the land. On February 12, 1881, I. D. Mitchell died intestate, leaving no widow or children surviving him, and his only heirs-at-law were his father; A. C. and U. L. G. Mitchell, his brothers of the whole blood, and Nancy Humphreys, his sister of the whole blood; John N., Robert L., Mary A. (now Mary A. Webb,) and Rosetta Mitchell, (now Rosetta Mitchell Harrelson,) his brothers and sisters of the half blood. On January 17, 1883, after the death of I. D. Mitchell, twins were born to John B. and Leanna Mitchell, namely, Rosa Lee Mitchell (now Rosa Lee Barret) and Daisy B. Mitchell, (now

Daisy B. Doctorman.) In 1887 John B. deserted his wife and abandoned his home and thereafter lived with his daughter Nancy, in Jackson county, Illinois. On May 6, 1889, Leanna Mitchell obtained a decree of divorce in Franklin county from John B. on the ground of desertion.

On May 9, 1889, an *ex parte* bill for partition was filed in the circuit court of Franklin county by Nancy Humphreys, U. L. G., A. C., Mary A. and John B. Mitchell, and W. T., Robert L., John N. and Rosetta Mitchell, minors, by Leanna Mitchell, their mother and next friend. This bill was filed for the purpose of partitioning the undivided one-fourth interest of I. D. Mitchell, deceased, in the 240 acres of land by his heirs-at-law, "subject to the homestead right of Leanna Mitchell," who was still living on the land. The facts as they appear in the record and as disclosed by this bill are, that at the time John B. executed the deed aforesaid, he and his wife were living on this land as their home and had a homestead estate of the value of $1000, and I. D. Mitchell had no interest whatever in the homestead estate. (*Anderson* v. *Smith,* 159 Ill. 93.) A decree of partition was entered and commissioners were appointed by the court, who proceeded to divide and partition the entire 240 acres of land, "subject to the homestead right of Leanna Mitchell," as follows: To Nancy Humphreys the southwest quarter of the southwest quarter; to A. C. Mitchell the east half of the northwest quarter of the southwest quarter and the northeast quarter of the southwest quarter; to U. L. G. Mitchell the northwest quarter of the northeast quarter and the northeast quarter of the northwest quarter; to W. T., John N., Robert L., Mary A., Rosetta and John B. Mitchell, jointly, the east half of the southwest quarter of the northwest quarter and the southeast quarter of the northwest quarter, giving to John B. two-sevenths thereof and the other joint owners one-seventh each, "all subject to the homestead right of Leanna Mitchell." On February 17, 1891, John B. conveyed by quit-

claim deed his undivided two-sevenths interest in the 60 acres assigned to him and the children of himself and Leanna Mitchell, jointly, in the partition decree, to Rosa Lee and Daisy B. Mitchell, the two children that were born after the death of I. D. Mitchell. This deed was recorded in 1893. After the partition proceedings U. L. G. and A. C. Mitchell and Nancy Humphreys immediately took possession of the land assigned and set off to them by the decree. Leanna Mitchell and her children continued to reside upon the portion set off to them jointly with their father, upon which the homestead estate was located. In 1894 A. C. Mitchell conveyed the land assigned to him by the decree, and by that conveyance and other *mesne* conveyances the surface of his tract was conveyed to Charles Kraebski and the minerals thereunder to Louisa Dye, who are now in possession. In April, 1898, John B. died.

On November 30, 1898, Leanna Mitchell filed her bill in the circuit court of Franklin county praying for an assignment of homestead and dower to her in the entire 240 acres. In her bill she set up the deed of her former husband to his children in 1874, the decree of divorce obtained by her against him on the ground of desertion, the seizin of the land by him during their marriage, the *ex parte* partition proceedings by which the land was divided, and her continued residence upon the land until the filing of her bill. She made as parties defendant to her bill all of the children of John B. to whom he made the deed and all of his children by her, and all those persons in possession of the land by reason of conveyance from A. C. Mitchell. All of the children of John B. that were made defendants to the bill were adults except the twin children, Rosa Lee and Daisy B. Mitchell, and such adults entered their appearance in the case. She was awarded homestead and dower in the land and commissioners were appointed to allot the same. The commissioners in their report, which was approved by the court, set off to her as her homestead the

east half of the southwest quarter of the northwest quarter and the southeast quarter of the northwest quarter, and for her dower in the 240 acres they set off and assigned to her the northeast quarter of the northwest quarter which had been assigned to U. L. G. Mitchell in the partition suit of 1889. The 60 acres of homestead set off to her had been assigned jointly to John B., W. T., John N., Mary A., Rosetta and Robert L. Mitchell, as already stated, each of them being assigned an undivided one-seventh interest therein except John B., who was assigned an undivided two-sevenths thereof, which he afterwards conveyed to Daisy B. Mitchell (now Daisy B. Doctorman) and Rosa Lee Mitchell (now Rosa Lee Barret.) The assignment of her homestead and dower did not encroach on the assignments of land to A. C. Mitchell and Nancy Humphreys in the partition suit of 1889, and it did not encroach on the northwest quarter of the northeast quarter assigned in that partition suit to U. L. G. Mitchell. In 1904 the latter conveyed one hundred feet across the northwest quarter of the northeast quarter to Levi Z. Leiter, grantor of the Illinois Central Railroad Company, for $150. In 1911 Rosetta Mitchell Harrelson died intestate, leaving surviving her William Harrelson, her husband, and Wickliff, Edgar, Edna and Mary Harrelson, her children and only heirs-at-law. In January, 1918, Leanna Mitchell died. She occupied the 60 acres which was allotted to her as homestead, continuously from the time the same was assigned until her death. It should be futher stated that the children to whom John B. deeded the land in 1874 were children by a former wife, and that his other children above named are children by his last wife, Leanna Mitchell.

At the May term, 1918, of the circuit court of Franklin county, John N., W. T. and Robert L. Mitchell, Mary Webb, Rosa Lee Barret, Daisy B. Doctorman, William Harrelson, and Wickliff, Edgar, Edna and Mary Harrelson, minors, by William Harrelson, their father and next

friend, and W. T. Mitchell, administrator of the estate of Leanna Mitchell, filed their bill against A. C. Mitchell, U. L. G. Mitchell, Nancy M. Humphreys, and others who claimed title under them, and alleged in their bill that the deed of 1874 was a mere sham and pretense and was never delivered; that possession of the land was never surrendered pursuant thereto; that the land deeded was of less value than $1000 and the homestead of John B. and Leanna Mitchell, and that the deed thereto did not convey any title to the grantees; that John B. continued to reside upon the land and control the same until his death and paid the taxes thereon, and that the complainants in the bill had no knowledge of the deed of 1874 until the filing of this their bill. They further alleged that they had no knowledge of the pretended *ex parte* partition of the land in 1889, and that the bill in that proceeding, by reason of various omissions and evasions, was a fraud upon the court, and that the minor children were not served with process and only appeared therein by their mother as their next friend, whose interest in the proceedings was adverse to them, and that none of the minors knew of the proceedings until the filing of this bill; that the decree in the *ex parte* partition proceedings of 1889 was null and void and a cloud on their title. They prayed that the deed of 1874 and the record thereof in the recorder's office, and the decree for partition of 1889, be removed as clouds upon their title, that the title to the portions sold be confirmed in the present owners, etc., and that a division and partition of the land be made among the parties in the respective portions set out by the bill. A. C. Mitchell and Nancy Humphreys filed separate answers and separate cross-bills. The death of U. L. G. Mitchell was suggested, and Clarence and Valley Mitchell, his heirs-at-law and administrators, were substituted, and they filed an answer and cross-bill. The Illinois Central Railroad Company answered the bill, setting up title to the one hundred-foot strip across the northwest quarter of

the northeast quarter conveyed by U. L. G. Mitchell to its grantor and prayed that its title be confirmed. The separate answers and cross-bills admitted the allegations of fact as to the conveyance of the land in 1874, the partition proceedings of 1889, the decree for dower and homestead to Leanna Mitchell, but denied that the deed was a mere sham or pretense and not delivered, and alleged that the deed operated as a conveyance and that the partition proceedings were valid, and denied that the complainants were ignorant of the deed and of the other proceedings aforesaid. They claimed the benefit of the Statute of Limitations, both as to the seven-year and the twenty-year statute, and alleged that they had been in the actual, notorious, exclusive and uninterrupted possession of the land ever since the assignments made to them and that they had paid all taxes thereon up to the filing of the complainants' bill. The court, after hearing evidence, entered a decree confirming the title to the right of way of the Illinois Central Railroad Company; confirmed the title in Nancy M. Humphreys to the 40 acres assigned to her; confirmed the title in Clarence and Valley Mitchell to the 80 acres assigned to U. L. G. Mitchell in the partition proceedings, as his heirs-at-law; confirmed the title in the 60 acres assigned to A. C. Mitchell in the partition proceedings of 1889; held that the partition proceedings of 1889 were binding on the parties thereto, and decreed partition of the 60 acres assigned to the widow as homestead among the complainants, finding that they were the owners of the same in the proportions set forth in the bill. All of the complainants duly excepted and have perfected this appeal.

The undisputed evidence in the record is that the 240 acres of land was worth between $10 and $13 an acre at the time John B. Mitchell executed the deed to his four children, in 1874. It is undisputed that John B. and his wife, Leanna, had a homestead interest of the value of $1000 in the tract of land at the time the deed was made.

The allegation in the bill that the deed was not delivered is not supported by any evidence in the record, but, on the contrary, it is shown that the same was recorded in the recorder's office of Franklin county. The law therefore presumes that the deed was delivered, and this presumption is very strong in case of a voluntary settlement by a father upon his children. (*Valter* v. *Blavka,* 195 Ill. 610.) Every complainant in this bill except Rosa Lee Barret and Daisy B. Doctorman were adult parties defendant to the bill for dower and homestead filed by their mother in 1898 and they entered their appearance to that bill. They are therefore charged with notice of the contents of that bill, which recited the proceedings in the partition suit of 1889 and the contents of the deed of 1874, and of all the other matters set forth in the bill. Those adult complainants are also charged with constructive notice of the contents of the decree in question, which is a matter of record in Franklin county, and they have had actual notice of the possession and claim of ownership of U. L. G. Mitchell, A. C. Mitchell and Nancy Humphreys of the respective land assigned to them in that partition proceeding for more than twenty-eight years. The minor defendants in that partition suit were represented by their own mother as their next friend, and their mother was not otherwise a party to that proceeding. She as their next friend paid the costs of that partition suit that were charged to the minors she represented, as shown by the record, as she was not a party to that suit individually. The charge that her interests in that suit were adverse to the minors she represented as next friend cannot be sustained, as there is no proof sustaining the charge. All the errors in the *ex parte* proceeding for partition that are charged by the complainants in this suit are matters apparent on the face of that record, and there was no proof of fraud whatever on the part of anyone connected with that suit. It is apparent that the errors committed in the *ex parte* proceed-

ing were errors of the attorneys representing the parties, and there is no evidence of fraud on the part of those attorneys. The rule is well settled in this State that an infant cannot attack a decree to which he was a party, either for fraud or for errors of law apparent on the face of the record, unless attacked by such infant before he attains his majority, or within the period after his majority allowed by law for the prosecution of a writ of error for reversal of such decree. (*Haines* v. *Hewitt,* 129 Ill. 347, and cases cited.) The minor children, Rosa Lee Barret and Daisy B. Doctorman, were not parties to the *ex parte* partition proceeding, and were evidently not made parties thereto for the reason they were not in being when I. D. Mitchell died and were therefore not his heirs. They never did have any interest in the land deeded to their three brothers and sister of the half blood by their father in 1874 except in the 60 acres assigned to their mother as a homestead, for the reason that the deed was valid and conveyed to those four children a good title to the 240 acres of land, except that part composing the homestead of Leanna Mitchell. None of the other heirs of John B. had any interest in the land conveyed to the four children by him in 1874, except in the land covered by the homestead of their mother, until the death of I. D. Mitchell, when they became his heirs and entitled to their share, as such heirs, in the undivided one-fourth interest of which he died seized.

It is not and cannot be questioned successfully that in 1889, when the *ex parte* proceedings were had for partition of the land of which I. D. Mitchell died seized and the land deeded to his two brothers and sister, in 1874, that the deed from the father to his children of land on which the father resided with his wife, in which deed his wife did not join and had acquired a homestead, was void as to the homestead of the value of $1000 and was valid as to all of the land except the homestead, if at the time of the conveyance the entire tract was worth more than $1000.

(*Anderson* v. *Smith, supra.*)   It is for this reason we have stated that John B.'s deed to his four children in 1874 was valid except as to the homestead tract of Leanna Mitchell. The rights of the four children were also subject to an inchoate right of the widow to dower, which became an actual existing right of the widow on the death of her husband. The serious error committed in the *ex parte* partition suit of 1889 was in partitioning the land among the brothers and sisters of the whole blood, the father, and the brothers and sisters of the half blood, heirs-at-law of I. D. Mitchell, "subject to the homestead right of Leanna Mitchell." The deceased and his brothers and sister of the whole blood owned no interest in the homestead.   Leanna Mitchell should have been made a party to that proceeding and her homestead set-off to her in one tract and the remainder of the land divided and partitioned among the parties aforesaid.   The brothers and sisters of the deceased, of the half blood, should then have been decreed their one-fortieth interest, each, in the land, their father should have been decreed his two-fortieths interest in the land, and his two brothers and sister of the whole blood should have been decreed their one-fortieth interest, each, in the land of their deceased brother, plus their one-fourth, each, deeded to them by their father in the deed of 1874, or eleven-fortieths, each, of all of the land outside of the homestead.   In the *ex parte* partition proceedings John B., and the five children of Leanna and John B., were assigned a seven-fortieths interest of the entire 240 acres, "subject to the homestead rights," and this seven-fortieths interest was designated as the homestead tract, which was assigned jointly to the six of them, giving to the father two-sevenths of that tract. The three children of the whole blood were each assigned eleven-fortieths of the entire tract, "subject to the homestead rights," and in those assignments they received all the land of which the deceased died seized.

328—10

This mistake, after all, is not so serious as it may at first sight appear. Had the partition suit been conducted properly, as already stated, the brothers and sisters of the half blood of the deceased would each have had a decree for a one-fortieth of the land outside of the homestead. The children of the whole blood would each have been decreed eleven-fortieths and their father two-fortieths of the land outside of the homestead. Such a partition would have left the homestead tract not partitioned. At the death of Leanna Mitchell every heir of John B. would have been entitled to partition of the homestead tract. John B., who was bound by the partition decree of 1889, deeded to the twin girls his two-sevenths interest in the homestead tract, which was all the interest he then had in it. By the decree now before this court the children of Leanna Mitchell, including the twin children, had partitioned among them, only, the entire homestead tract, each receiving a one-seventh thereof, and the three living children to the deed of 1874 took no interest in the homestead by this partition suit now under consideration. So one mistake in a way offsets the other, the real hardship to the children of Leanna Mitchell in the partition suit of 1889 being that the land assigned to them was in the homestead tract, the possession of which they could not enjoy until the death of their mother.

We do not deem it necessary to discuss the questions of adverse possession, payment of taxes and Statute of Limitations, raised in the pleadings and discussed in the briefs. Our conclusion is that all parties to the decree of 1889 are bound thereby, and that that decree in no manner affected the rights and interests of Rosa Lee Barret and Daisy B. Doctorman.

The decree of the circuit court should be and is affirmed.

*Decree affirmed.*