Edward M. Miller, Guardian of Samuel Letizia, Minor, Plaintiff in Error, v. Chicago and North Western Railway Company et al. Pennsylvania Railroad Company and Pittsburgh, Cincinnati, Chicago and St. Louis Railroad Company, Defendants in Error.

Gen. No. 40,592.

Opinion filed October 23, 1939.

John B. King and Edward H. S. Martin, both of Chicago, for plaintiff in error.

Loesch, Scofield, Loesch & Burke, of Chicago, for defendants in error; David L. Dickson, of Chicago, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

May 19, 1928, plaintiff filed an amended declaration against the three railroad companies for personal injuries claimed to have been sustained by Samuel Letizia through the negligence of the defendants. The accident occurred September 2, 1926, at which time Letizia was about 10 years of age. The basis of plaintiff's claim is that the defendant railroads had failed to comply with the provisions of a fencing ordinance and an elevation ordinance requiring defendants to protect their railroad tracks in Chicago by erecting fences, retaining walls or embankments. It further appears from the record that the railroad companies elevated their tracks at the place in question and erected retaining walls which, after years, were allowed to be out of repair, and that plaintiff with other boys on the day of the accident walked across the east retaining wall, which was out of repair, across the tracks of the Pennsylvania and the Pittsburgh onto the tracks of the North Western railway company, and in attempting to hitch onto one of the North Western trains plaintiff was injured. There was a jury trial and at the close of plaintiff's case the court sustained the motion of the Pennsylvania and Pittsburgh railroad companies for a directed verdict and overruled the motion of the North Western. The case went to the jury, which returned a verdict against the North Western for $25,000, which on appeal to this court was affirmed, 254 Ill. App. 615. The case was taken to the Supreme Court by certiorari by the North Western, where the judgment of this court was reversed, the court holding there was error in not sustaining the North Western's motion for a directed verdict. *Miller v. Chicago & North Western Ry. Co.,* 347 Ill. 487. The opinion was handed down by the Supreme Court February 19, 1932. December 30, 1938, plaintiff filed a praecipe for writ of error in this court, in which Samuel Letizia is named as plaintiff in error

and the Pennsylvania railroad company and the Pittsburgh, Cincinnati, Chicago & St. Louis railroad company are named as defendants in error. Neither Miller, the guardian of Letizia, the minor, when the suit was brought, nor the North Western railway company was made a party to the writ of error.

Counsel for the Pennsylvania railroad company and for the Pittsburgh railroad company filed their motion to dismiss the writ of error because (1) all parties in the trial court were not made parties to the writ of error; (2) because the case has previously been reviewed by this court and by the Supreme Court, and Letizia, who has since become of age, is not entitled to have the case again reviewed.

The record discloses that the three railroad companies occupied and operated over separate rights-of-way a number of railroad tracks immediately adjacent to each other, extending north and south in Chicago. The fencing ordinance and the track elevation ordinance required the railroad companies to fence or otherwise protect their rights-of-way with retaining walls or embankments at the place in question. Apparently there was no space between the rights-of-way and the tracks, but there was a retaining wall on the east and another on the west of the two rights-of-way. There was some arrangement between the different railroad companies about constructing the embankments or retaining walls and subways under the tracks at certain street intersections.

It is not pointed out in the record before us what such arrangements or agreements were; but we are unable to say that any judgment entered in the case before us against the Pennsylvania and the Pittsburgh railroad companies might not affect the North Western railway company. We are therefore of opinion the North Western should have been made a party to the writ of error. *Scott v. Great Western Coal & Coke Co.,* 220 Ill. 42. In that case the court said (p. 44): "It is

necessary, before this court will review the record of
an inferior court upon writ of error, to have all parties
to the record of the inferior court to which the writ is-
sues, made parties, either plaintiff or defendant, so
that one judgment of this court will determine the
rights of all parties interested; and if a party to the
record refuses to join the other plaintiffs in error in
the court below, any person having the right to a writ
of error may sue out the writ and use the names of all
his co-plaintiffs or co-defendants, and if co-plaintiffs or
co-defendants choose to abide an erroneous judgment
and refuse to appear and assign errors they must be
summoned and severed, and after the severance the
writ may then be prosecuted in the name of such
co-plaintiffs or co-defendants, so that one writ and one
judgment will answer as to all.'' In that case all the
parties were not named in the writ of error, and the
writ was dismissed.

We are also of opinion that Letizia is barred from
further attempting to have the judgment of the trial
court reviewed for the reason that on the trial the able
and experienced counsel representing plaintiff at that
time acquiesced, in effect, in the ruling of the trial
court in sustaining the motion of the Pennsylvania and
the Pittsburgh railroad companies for a directed ver-
dict at the close of the plaintiff's case. The record
discloses counsel for plaintiff thought the motion
would have to be sustained under the holding of the
Supreme Court in *Livak v. Chicago & Erie R. R. Co.,*
299 Ill. 218. The plaintiff, who was then a minor, was
represented by his guardian and counsel and obviously
is now bound by what was done on the trial of the
case. Furthermore, courts will not permit a review
of a case by piecemeal. If on the trial of the case the
guardian and his counsel had not acquiesced in the
ruling of the trial court in sustaining the motion for
a directed verdict and desired to review the question
of the action of the court in this respect, that question

390

should have been presented when the case was brought to this court and later to the Supreme Court of this State. *Kingsbury v. Buckner,* 134 U. S. 650, 33 L. Ed. 1047, 10 Sup. Ct. 638.

The motion of the Pennsylvania and Pittsburgh railroad companies to dismiss the writ of error is allowed and the writ is dismissed.

*Writ dismissed.*

MATCHETT, P. J., and McSURELY, J., concur.