## McCAMPBELL v. WARRICH CORPORATION et al.
### No. 6959.

Circuit Court of Appeals, Seventh Circuit.
Jan. 12, 1940.

Peter J. Hower, of Chicago, Ill., and R. Ruthenburg, of Louisville, Ky., for appellant.

H. L. Reeve and Elmer Leesman, both of Chicago, Ill., for appellees.

Before SPARKS, TREANOR, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

This is alleged to be an action in equity in which appellant seeks to be adjudged the owner of eleven-sixtieths undivided interest in fee simple of certain valuable real estate within the city of Chicago. As incidents to complete relief he asks for a receiver, for injunctive relief, ejectment of tenants, annulment of leases, for a lien, and that the cause be retained on the docket for the purpose of granting all other helpful orders.

The original bill was filed March 17, 1938. It seems to have been amended before answer, for the court, prior to July 25, 1938, sustained appellee's motion to dismiss the original bill as amended. Obviously, it was amended a second time, for on July 25, 1938, appellees again filed their motion to dismiss the amended complaint in which motion it is stated, among other things, that the amended bill is not materially different from the original bill, as amended, to which a former motion to dismiss was sustained. On January 6, 1939, before the motion of July 25, 1938, was passed upon, appellant filed what it terms its third amended petition, which merely adds to the original complaint, as amended, certain matters hereinafter referred to. On motion of appellee, the former motion to dismiss the amended bill was ordered to stand as the motion to dismiss the third amended petition. On January 9, 1939, this motion was sustained, and the amended bill of complaint and the third amended petition were dismissed at appellant's costs. From this order the appeal is prosecuted.

The substantial averments of the bills are as follows: Appellant is a son of Sallie B. McCampbell who was a daughter of James M. Bryant. On August 28, 1866, James M. Bryant made a deed in which he conveyed the real estate here in controversy, after his death, to his children James L. Bryant, Leila Bryant, Sallie B. Mc-Campbell and Pattie B. Rowland (referred to as parties of the second part) for their lives, and to the issue or heirs of their bodies respectively, per stirpes, in fee simple; provided, that if any one or more of the parties of the second part should die without leaving issue or bodily heirs, then his or their portion or portions were to survive and go to and be held by the surviving party or parties of the second part respectively for life or lives and then to the issue or heirs of the body of the survivor or survivors in fee simple. This deed was made in contemplation of a second marriage, which was subsequently consummated on the same day.

Sallie Bryant McCampbell, who died December 23, 1910, was the only child of James M. Bryant by his first wife, who died leaving bodily issue, or bodily heirs. James L. and Leila preceded her in death, and Pattie died August 8, 1934. James M. Bryant, the grantor, died December 1, 1888. Sallie Bryant McCampbell was survived by the following children: Roberta, Amos G., Leavelle, Georgia, and Leila. Roberta, the eldest, was born in 1876 and was never married. Amos G., appellant, was born August 16, 1882. He was adjudged insane May 23, 1901, and was adjudged of sound mind April 3, 1936. James L. preceded his father in death.

The deed in issue reserved to the grantor the right and power to charge the property conveyed "by mortgages or trust deeds conveying the fee simple title thereof," and provided that no person or persons who might make a loan or loans on such mortgages or trust deeds should be required to look to the application of the moneys.

In January 1872, James M. Bryant executed a mortgage on this property, and having become in arrears on the interest, a suit to foreclose it was begun in 1886, in the District Court, referred to as cause No. 16059. Before the termination of this suit James M. died on December 1, 1888. At that time his three surviving daughters became vested with a life interest in the real estate, and in 1889 they sold and conveyed their life estates therein to Robert W. Hyman, Jr., for $15,000. Thereafter the receiver in the foreclosure suit was discharged, and Hyman took and retained possession of the property, collecting the income therefrom, until he sold the life estates, which he had bought from the three daughters, to Edward D. Mandell in 1895 for $20,000. In the meantime Mandell had

purchased the mortgage in 1892, and he obtained a judgment for $38,647.90, and a final decree of sale in the foreclosure proceeding on October 2, 1893, in which proceeding Robert W. Hyman, Jr., and all the children of Sallie B. McCampbell, including appellant, all of whom were minors, were parties defendant. The minors were represented by guardian ad litem. Under this decree the property, except the life estates of the daughters, was sold to Mandell for the amount of the judgment on November 18, 1893, and on February 27, 1895, the master's deed therefor was delivered to Mandell.

Four children were born to James M. Bryant and his second wife, all of whom were living at his death.

The third amended petition relies upon estoppel and seeks to set aside the judgment and all proceedings in cause No. 16059, as a nullity, because the mortgagee failed therein to assert or enforce his lien against the life interests, and for the further reason that neither Hyman nor Mandell could hold the life estates adversely to the remainder interests.

It is clear that appellant's right to recovery in this case is based upon what he claims to be the invalidity of the foreclosure decree entered in the District Court of the United States on October 2, 1893. It is equally clear that the present proceeding is a collateral attack upon that decree, which is now more than forty-six years of age. Such an attack is not permissible if the court had jurisdiction over the parties and the subject matter. Hall v. American Bankers' Insurance Co., 315 Ill. 252, 146 N.E. 137. It is not shown and the bill does not disclose that there was lack of jurisdiction in either respect. Furthermore, the bill fully discloses that the court had jurisdiction both of the subject matter and of the parties, and it is not charged that there was fraud in any way affecting jurisdiction. Moreover, if there were no disclosures in the bill in this respect, it is well settled that jurisdiction over the person as well as the subject matter will be presumed when the validity of the judgment is questioned collaterally. Nickrans v. Wilk, 161 Ill. 76, 43 N.E. 741. The jurisdiction which a court of chancery has over a foreclosure proceeding is inherent and not a statutory jurisdiction. In re 7000 S. Shore Drive Building Corp., 7 Cir., 86 F.2d 499; First National Bank v. Bryn Mawr Building Corp., 365 Ill. 409, 6 N.E.

2d 654, 109 A.L.R. 1123. Jurisdiction having once attached, the decree of the court must be sustained against collateral attack regardless of how erroneous it may be in other respects. Streeter v. Chicago Title & Trust Co., D.C., 14 F.2d 331; Grove v. Kerr, 318 Ill. 591, 149 N.E. 517. This rule applies both to an infant and a lunatic. Mitchell v. Mitchell, 328 Ill. 136, 159 N.E. 274, and Dodge v. Cole, 97 Ill. 338, 37 Am. Rep. 111.

If for any reason the averments of the bill could be considered as a direct attack, it would seem to be clear that this proceeding was barred by lapse of time. An infant who is a party to a decree can only assail it directly, and then only if he does so within two years after he attains his majority, even for fraud. Mitchell v. Mitchell, supra. The present bill contains none of the elements of a bill of review of that original judgment. Appellant became of age on August 16, 1903, and the suit was instituted March 17, 1938.

The bill alleges, however, that appellant was adjudged of unsound mind on May 23, 1901, and was not adjudged of sound mind until within two years of the time he filed his bill. It seems to be well settled, however, that it is the disability existing at the time the decree was entered that determines his right to institute an action within two years after that disability is removed, and no supervening disability may be tacked on to the former disability in computing the time within which a direct attack may be made on the judgment complained of. Hogan v. Kurtz, 94 U.S. 773, 24 L.Ed. 317; Mercer's Lessee v. Selden, 1 How. 37, 42 U.S. 37, 11 L.Ed. 38. For recognition of this principle by Illinois, see Keil v. Healey, 84 Ill. 104, 25 Am.Rep. 434. Fritz v. Joiner, 54 Ill. 101. Appellant contends, however, that this rule did not apply to him because he was a remainderman and there were life estates still in existence. This contention would no doubt be applicable if appellant were seeking to oust a disseisor. This, however, is not the case. If an infant who has been disseised seeks to oust a disseisor, his right to bring an action of ejectment, or any action to oust the disseisor, depends upon his right to possession, and of course he has no right of possession until the life estate ends. That situation does not exist here. He was an infant when the decree of foreclosure, to which he was a party, was entered. In order to appeal from that decree it was

not necessary that he should have a right to possession, nor is such right of possession necessary in order for him to bring a bill of review to set aside the decree. There is no merit in this contention.

Aside from the question of jurisdiction in the foreclosure proceeding, appellant in the most general terms charges fraud, conspiracy and collusion between Hyman, Mandell and the guardian ad litem with respect to the foreclosure proceedings and the failure to apply the earnings of the property to the liquidation of the mortgage debt. No facts are pleaded by which any such fraud can be said to have been perpetrated. Fraud, conspiracy or collusion must be charged by allegations of fact, and such alleged facts are not present here. Dickinson v. Dickinson, 305 Ill. 521, 137 N.E. 468. This requirement is especially applicable when it is sought to impeach a decree. French v. Thomas, 252 Ill. 65, 96 N.E. 564. Based upon the facts which we have set forth, appellant charges that the mortgagee and its successors in interest, ultimately Edward Mandell, either fraudulently or negligently permitted the sale of the life estates to Hyman without releasing or crediting to the mortgage indebtedness the value thereof which it was their duty to have done. Again he says, that they negligently or fraudulently permitted Hyman to collect the rents from the property which should have been applied in the reduction of the indebtedness. Furthermore, he states that they stood by and either fraudulently or negligently permitted Hyman to retain possession of the property and that Hyman with the connivance of Mandell, as appellant believes and charges, obtained the discharge of the receiver and thenceforth until 1893 collected the rentals thereof, none of which were accounted for as credits upon the mortgage indebtedness. These are merely conclusions and clearly constitute no basis for fraud. Betten v. Williams, 277 Ill.App. 353.

So far as the guardian ad litem was concerned, the record discloses that he had objected to the first decree of sale and was instrumental in securing a new decree which he at least thought more fully protected the interests of his wards. There is no allegation of fact from which the court can conclude that there was any fraud on the part of the guardian ad litem. See Chicago Title & Trust Co. v. Kearney, 282 Ill.App. 279; Miller v. Chicago & Northwestern Ry. Co., 301 Ill.App. 386, 23 N.E.2d 70. Certainly there is no factual allegation with respect to him which would show a lack of jurisdiction, and as to any other fraud which may have been committed by him no relief can be granted in this collateral proceeding.

With respect to the question of estoppel, which appellant seeks to invoke, he seems to rely upon cases where the true owner of the property stood by and permitted another person, ostensibly the owner, to dispose of the property to a bona fide purchaser. No facts are present here which would render those cases applicable. Mandell was foreclosing his mortgage and he purchased at the foreclosure sale. It is true that he purchased only the interest which was sold, but that was the entire interest except the life estates which Hyman owned. Appellant and the other remaindermen purchased nothing and took no action whatever. There was no change of position on their part caused by their reliance on Mandell's standing by. This contention seems to have been fully decided adversely to appellant in Roberts v. Fleming, 53 Ill. 196.

Other questions are presented by appellant but they do not require discussion. If meritorious, which we do not concede, they can only be raised upon a direct attack upon this judgment, and as we have heretofore pointed out, this is not an action of that character nor do we regard it as one of an equitable nature.

The judgment is affirmed.